### CHEEK and Others *v.* GLASS.

When the general issue and special pleas are filed to the action, and the defense set up in the special pleas is admissible under the general issue, it will not be examined on error whether demurrers to the special pleas were properly sustained or not.

To an action by the assignee against the makers of a promissory note, being principal and sureties, the defense was that, after the note became due, and before the assignment, the time of payment was extended by agreement between the principal and payee, without the consent or knowledge of the sureties. The only evidence of such extension was three indorsements made upon the note by the payee, after it became due, each a year apart from the other, to the effect that he had, at the date of the indorsements severally, received the interest for a year in advance, and the note was to stand, without suit, to the end of the year. *Held,* that it did not appear that the time of payment was extended by agree-

ment made by the payee with the principal, nor that the interest might not have been paid by either or all of the makers.

ERROR to the *Dearborn* Circuit Court.

SMITH, J.—Assumpsit by *Glass* against *Cheek, Dumont,* and *Glenn,* upon two promissory notes made by the defendants in favor of one *Hurlbut,* and assigned by the latter to the plaintiff. The notes were dated the 11th of *May,* 1839, one being payable six years and one seven years after date.

*Cheek* made no defense. *Dumont* and *Glenn* pleaded the general issue, and seven special pleas.

All the special pleas averred that *Dumont* and *Glenn* executed the notes as the sureties of *Cheek,* and that after they became due, and before they were assigned to the plaintiff, the time of payment was extended from year to year for two or three years, pursuant to an agreement between *Cheek* and *Hurlbut,* and made without the knowledge or consent of *Dumont* and *Glenn,* in consideration of the payment of interest in advance by *Cheek.*

Some of the pleas aver that interest at the legal rates was thus paid in advance, others, that usurious interest was paid and received. Some of them were pleaded in bar of the suit, and some to the interest and costs only. In other respects the pleas were substantially alike.

Demurrers were sustained to the second, fifth, and sixth pleas. The plaintiff replied to the third, fourth, seventh, and eighth, denying that there was any such agreement between *Cheek* and *Hurlbut* as was therein alleged.

The cause was, by agreement of the parties, submitted to the Court for trial upon the issues joined, and the plaintiff obtained a judgment for 143 dollars and 54 cents.

The only evidence introduced upon the trial consisted of the notes sued upon, and the indorsements upon them.

The indorsements upon the note payable six years after date were as follows:

" I, *Samuel Hurlbut,* do hereby agree that the within note shall stand, without suit, until the 11th of *May,* 1846, and acknowledge the receipt of the interest up to that time. *May* 15th, 1845. *Samuel Hurlbut.*"

May Term,
1852.

CHEEK
v.
GLASS.

*Tuesday,
May 25.*

"Received the interest in full on this note up to the 11th of *May*, 1847, and agreed said note to stand, without suit, until that time.   *Samuel Hurlbut*."

"This note to stand, without suit, until the 11th of *May*, 1848, the interest having been paid up to that time.   *Samuel Hurlbut*."

"Value received, I assign this note to *John Glass*.   *May* 26th, 1848.   *Samuel Hurlbut*."

There were similar indorsements upon the other note.

It is contended that the Court erred in sustaining the demurrers to the second, fifth, and sixth pleas, but we do not think it necessary to examine whether those pleas presented a sufficient defense, as all the evidence which they could have authorized was admissible under the general issue (1).

The evidence given upon the trial, however, does not show that *Glenn* and *Dumont* were sureties; and if, in a suit upon a note where all appear to be principals, a defense of this kind may be set up and proved, it was not done in this case.

It is true, the plaintiffs in error contend, that it stands admitted of record that *Glenn* and *Dumont* are merely sureties, because there is such an averment in some of the pleas upon which issue was taken, and it was not denied by the replications.  But supposing the suretyship to be admitted, there is no proof of an agreement to extend the time of payment, as alleged in the pleas, and in order to discharge the sureties it should, at least, be made to appear that the agreement for the delay was made by the payee with the principal.  The indorsements upon the notes do not show this, for they do not state who paid the interest receipted for, and, for anything that appears, it may have been paid by any or all the makers of the notes.

*Per Curiam.*—The judgment is affirmed, with 2 *per cent.* damages and costs.

*E. Dumont*, for the plaintiffs.

*D. Macy, J. Morrison,* and *S. Major,* for the defendant.

(1) See *Carter* v. *Thomas, ante,* p. 213, and note.