May Term, 1861.

BROWN
v.
GOODEN.

*R. C. Gregory, H. W. Chase* and *J. A. Wilstach,* for the appellants.

*Z. Baird, J. E. McDonald* and *A. L. Roache,* for the appellees.

BROWN *v.* GOODEN.

Demurrer to an answer in the following form, viz., "The plaintiff demurs to the first, second, third and fourth paragraphs of defendant's answer, and assigns for cause of demurrer that they do not state facts sufficient to constitute a defense to the action."

*Held,* that the demurrer was not separate to each paragraph named, but joint, and to the entire answer ; and if any one paragraph was good, the demurrer should have been overruled.

In a plea of payment, an averment of the place of payment is matter of form, and not of substance ; and where a place of payment is stated, the party is not precluded from proving payment at a different place.

Where, in a suit by the payee of a promissory note, the note is given in evidence, the defendant may give in evidence indorsements of payments thereon, though unsigned, without proof of the handwriting in which they are made : the burden being on the plaintiff, from whose possession the note comes, to explain by whom and for what purpose the indorsements were made.

Where the ground of objection to the admission of evidence does not appear to have been pointed out to the Court below, the objection will not be noticed in the Supreme Court.

*Saturday,*
*June 15.*

APPEAL from the *Huntington* Common Pleas.

WORDEN, J.—*Brown* sued *Gooden* on a promissory note,

made by the latter to the former, on *October* 18, 1843, for the payment of $328, within eighteen months from date.

The defendant answered:

1. That on *October* 18, 1843, he paid the note in full. 2. Alleging, by way of set-off, that the plaintiff was, and still is, indebted to him in the sum of $500, upon an account for notes and receipts assigned and delivered to the plaintiff, a bill of the particulars of which was filed. 3. Alleging, by way of counter claim, that at the date of the note sued on, the plaintiff was a practicing attorney, and as such attorney received certain notes, and receipts for money, for collection, amounting to $500, a bill of the particulars of which was filed, and then and there undertook to collect the same, but that he wholly failed and neglected to collect the same, whereby they became lost to the defendant, wherefore, &c. 4. That at the date of the execution of the note, the plaintiff received from the defendant certain notes and other evidences of debt, to be by the plaintiff collected and applied to the payment of the note sued on, and then and there promised and agreed to collect the same and apply the proceeds thereof to the said note ; that the plaintiff wholly refused and neglected to collect the same, or any part thereof, and that by reason of such refusal and neglect, the said debts, so due to the defendant, became lost and the debtors became insolvent.

A demurrer was filed to this answer as follows, viz.,

"The plaintiff demurs to the first, second, third and fourth paragraphs of defendant's answer, and assigns for cause of demurrer, that they do not state facts sufficient to constitute a defense to the action."

This demurrer was overruled, and exception taken. Replication in denial of the answer. Trial by jury; verdict and judgment for the defendant for $100, a new trial being refused.

We will notice the points made in the brief of counsel for the appellant, and relied upon for the reversal of the cause

First, the ruling of the Court upon the demurrer. The counsel treat the demurrer as being separate, to each paragraph of the answer. We do not so regard it. It seems to us to be a demurrer to the entire answer, so that if any one paragraph be good, the ruling was correct. The demurrer, it

is true, enumerates the paragraphs of the answer, but it does not profess to be filed severally, or separately, to each, but to the whole; hence, it must have been well taken as to the whole, or it was properly overruled.

But we will examine the objections made to each paragraph.

The first is objected to because no place of payment is alleged. This is matter of form, and not of substance. It alleges facts sufficient to bar the action; but perhaps the facts are not stated with sufficient certainty, as to the place of payment, had a motion been made, under § 90 of the Code, to require the pleading to be made more certain, by amendment. But had a place of payment been stated, it is not perceived that the party would have been bound by it, or precluded from proving payment at a different place. The paragraph is substantially good.

The objection to the second paragraph is thus stated by the counsel for appellant: " The second paragraph, in which a set-off is claimed, is equally defective. Because, by the assignment of the notes and receipts, as alleged in the second paragraph, the interest and title in and to these notes and receipts passed to the plaintiff. *Gooden* could no longer have sued upon them in his own name. As to these notes, &c., *Brown*, the plaintiff, was the real party in interest. The defendant can not be permitted to use *Brown's* choses in action against other persons, as a defense against his chose in action against the defendant." This objection does not appear to be well taken. The paragraph of the answer seeks to recover, by way of set-off, the consideration for which the notes, &c., were transferred by the defendant to the plaintiff; and this, beyond doubt, is legitimate. The same objection is urged to the third and fourth paragraphs.

The several paragraphs, so far as objections are pointed out, and we have looked no further, we think are good; and, hence, that the demurrer was correctly overruled.

We come to other alleged errors.

The plaintiff having offered the note in evidence, it appeared to have indorsed upon it several credits of payment, not signed by the plaintiff, or any one else, and not shown to have been

in his handwriting. These credits, indorsed upon the note, the defendant offered and gave in evidence, over the objection and exception of the plaintiff. It is insisted that these credits were not competent evidence, and were improperly permitted to go to the jury. We are of opinion that the indorsements of credit were properly permitted to go to the jury, as evidence tending to prove the payments therein specified. The note never having been transferred by the payee, who was the plaintiff, and coming from his custody and possession with the indorsements thereon, the inference might well be drawn that they were made by him, and that he had received the payments specified. The burden of explanation, as to the person by whom, and the purpose for which, the indorsements were made, we think, devolved upon the plaintiff.

During the progress of the trial, the defendant, to establish his set-off, offered in evidence a certain receipt for notes, &c., given by the plaintiff to the defendant, which evidence was objected to, and the objection overruled. It does not appear by the bill of exceptions, that any ground of objection was stated to the Court, and it has been held in numerous cases, that an objection thus generally made, is unavailing.

The plaintiff moved to suppress certain depositions, on the ground of irrelevancy; but the motion was overruled, and the depositions were permitted to be read in evidence. The depositions tended to prove the solvency of some of the makers of the notes alluded to in the pleadings, at the time they were received by the plaintiff from the defendant, and the subsequent insolvency of such makers. We are unable to perceive why the evidence was not relevant to the issues formed.

No objection is made to the sufficiency of the evidence to sustain the verdict and judgment.

We find no error in the record for which the judgment ought to be reversed.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. O. Daily* and *W. Z. Stuart*, for the appellant.

*John R. Cofforth* and *L. P. Milligan*, for the appellee.