Fankboner *v.* Fankboner.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*Stansifer & Herod,* for the appellant.

*R. Hill* and *N. T. Hauser,* for the appellees.

---

FANKBONER *v.* FANKBONER.

DEMAND.—Where a note is made payable on demand, no demand need be made before suit is brought. The suit is a sufficient demand.

PRACTICE.—This court will not reverse a judgment for error in over-ruling or sustaining a demurrer, where the party against whom such ruling is made is in no way injured thereby.

EVIDENCE.—If a note is given upon a valuable consideration, parole evidence of a contemporaneous verbal agreement or understanding, will not be admissible, to change or destroy its legal effect.

DEMURRER.—A single demurrer, which purports to be filed to "each" of several paragraphs of a complaint or other pleading, should be taken distributively, as a separate demurrer to each.

PRACTICE.—Pleadings should be signed by the pleader, but if not so signed, and no objection is made until the parties enter upon the trial, the defect will be deemed to have been waived.

A defence, based upon fraud, to be admissible in evidence, must be specially pleaded.

SET-OFF—LIMITATION.—A set-off may be pleaded to the amount of the cause of action in any case, although barred by the statute of limitation.

Fankboner *v.* Fankboner.

APPEAL from the *Grant* Common Pleas.

WORDEN, J.—Action by the appellee against the appellant. Issue, trial, finding and judgment for the plaintiff below.

The complaint contained two paragraphs, counting, *first*, upon a promissory note, executed by the defendant, to the plaintiff, for the sum of 130 dollars, dated *September* 3d, 1850, and payable on demand; and *second*, upon another promissory note, given by the defendant to the plaintiff, for 296 dollars, dated *February* 1st, 1856, and payable one day after date. Each paragraph of the complaint was demurred to, but the demurrer was overruled. It is insisted that the demurrer to the first paragraph should have been sustained, because it did not allege any demand. On the trial, the court permitted the plaintiff to amend the first paragraph, by alleging a demand so as to admit proof thereof.

There was no error in either of these rulings. Where a note is payable on demand, no demand need be made before suit is brought. The bringing of suit upon such a note is a sufficient demand. Story on Prom. Notes, 5 ed., secs. 29 and 204. *Barnum* v. *Allen*, 1 Gray 496.

The defendant answered in nine paragraphs. The *first* and *fourth* allege that the notes were given without any consideration. The *second, third, fifth* and *sixth* set up in substance that the defendant was the son of the plaintiff; that the plaintiff advanced to the defendant certain moneys, &c., which were intended as an advancement to him on his expected share of his father's estate, and that the notes were given merely as evidence of such advancements, and were not intended or expected to be paid. *Seventh*, set-off. The *eighth* and *ninth* paragraphs are of a nondescript character, not alleging payment, but denying that the notes are unpaid.

The plaintiff filed a demurrer, commencing as follows, after entitling the cause: "Comes now the plaintiff and demurs

severally to the *second, third, fourth, fifth, sixth* and *seventh* paragraphs of the defendants answer, for cause," &c.

This demurrer was rightly overruled as to the *fourth* and *seventh* paragraphs, and sustained as to the *second, third, fifth* and *sixth.* Two grounds of objection are stated to this ruling upon the demurrer. *First,* that the paragraphs to which the demurrer was sustained were good; and *second,* that if they were not good, the demurrer should have been overruled, inasmuch as the *fourth* and *seventh* were good. We shall not inquire critically whether the paragraphs to which the demurrer was sustained, were good or otherwise, for the reason that the matters set up in them as a defence, if valid for that purpose, could properly have been, and were, in point of fact given in evidence under the *first* and *fourth* paragraphs, which set up, as we have seen, that the notes were given without consideration; hence, no injury was done the defendant by the ruling, even though these paragraphs may have been good. *Cheek* v. *Glass,* 3 Ind. 286. If, as alleged in the paragraphs to which the demurrer was sustained, the notes were given merely as evidence of the amount which the plaintiff had advanced to the defendant, the advancements being in the nature of an absolute gift, not intended to be repaid, and the notes not intended to be paid, or to perform any other office than to show the amount thus advanced, this may have been a good defence. See on this point, *Sherman* v. *Sherman,* 3 Ind. 337; *Norman* v. *Norman,* 11 *id.* 288; *Tillotson* v. *Reed,* 22 N. Y. 122. But if such defence can prevail, it must evidently be upon the ground that the notes were given without consideration, the benefit of which defence the defendant had; for if it be admitted that these notes were based upon a valuable consideration, it is clear that no parole evidence of a cotemporaneous agreement or understanding could be introduced to destroy their legal effect.

But it is claimed that the demurrer was a joint demurrer

Fankboner *v.* Fankboner.

to the whole of the paragraphs to which it was filed, and hence should have been overruled, if any one of them was good. The demurrer, we have seen, was to these paragraphs severally. The case can not be distinguished from that of *Parker* v. *Thomas,* at the last term; where it was held that a demurrer to "each" paragraph operated distributively; and had the same effect as if a separate demurrer had been put in to each paragraph. So here, one demurrer is put in *severally,* and should have the same effect. The case differs from that of *Brown* v. *Gooden,* 16 Ind. 444, which is cited. There the demurrer did not profess to be filed "severally or separately" to each paragraph, but to the whole answer.

The plaintiff replied in denial of the *first, fourth* and *seventh* paragraphs. The *eighth* and *ninth* evidently needed no replication. Here we may notice another point relied upon. The appellant claims that there was no replication to the *first* paragraph. The record is a little obscure, but, as we understand it, a replication was filed in denial of that paragraph, in connection with the *seventh.* In corroboration of the correctness of this reading of the record, a bill of exceptions, taken by the appellant, shows that the plaintiff replied to this paragraph with others, and that the cause was at issue. The plaintiff also replied to the *seventh* paragraph, that the set-off did not accrue within six years next before the commencement of the suit.

But the replications were not signed by the plaintiff or his attorney, hence it is insisted that they should be held as nullities. No objection was made in this respect, until after the trial, and in our opinion it then came too late. The statute, to be sure, requires every pleading to be signed by the party or his attorney. Had a motion been made at the proper time to strike the replications from the files because not signed, it should, of course, have prevailed, unless the defect was cor-

rected. But the defect was waived by the defendant going to trial without making the objection.

On the trial the defendant offered to prove that the execution of the notes was procured by fraud. The evidence was correctly excluded, because there was no issue under which it was admissible. It may be here remarked that in none of the paragraphs of the answer was there any sufficient charge of fraud made. In none but the *second* and *fifth*, to which the demurrer was sustained, was fraud alluded to. In the *second* is the following statement: "That at the time plaintiff gave defendant said sum, plaintiff asked him to give a receipt or something to show the amount he had received, representing that all he wanted was that there might be evidence to equalize his estate among his children after his death; that defendant, for the purpose of giving his father such evidence, and for no other purpose whatever, and being so induced by said fraudulent *representations* of plaintiff, gave him said instrument of writing, in the *first* count described, and therein called a note, and that it was received and treated by said plaintiff as evidence of an advancement of so much to the defendant, and in no other way whatever." The same statement is made in the *fifth* paragraph in reference to the second note. There is certainly no valid charge of fraud in the procurement of the execution of the notes. If any fraud exists, it is in attempting to collect the notes which had been given for the purpose mentioned. The demurrer to these paragraphs should not have been overruled on the ground of any supposed valid charge of fraud contained in them.

On the trial the question of the want of consideration for the notes, for the reason above indicated, was the principal ground of contest. The plaintiff and defendant were both examined as witnesses. The evidence was conflicting. It perhaps preponderated for the defendant, but we can not

therefore reverse the judgment. The court found for the plaintiff the amount of the notes.

The defendant offered evidence tending to prove his off-set, hence it is insisted, that the finding was far too much. We are not advised whether the court rejected the off-set for want of sufficient evidence to sustain it, or on the ground that it was barred by the statute of limitations. A set-off may be pleaded to the amount of any cause of action, though barred by the statute of limitations. *Fox* v. *Barker*, 14 Ind. 309. We shall not decide here whether the replication of the statute of limitation, to the off-set pleaded, not having been demurred to, or otherwise disposed of, is of any validity. The evidence in respect to the set-off was such that, in our opinion, a finding upon it either way, ought not to be disturbed by this court.

What we have said we believe disposes of all there is, material, in the cause. There is no error in the record, for which the judgment ought to be reversed.

*Per Curiam.*—The judgment below is affirmed, with costs, and one per cent. damages.

*Howell D. Thompson*, *Jonathan H. Jones*, and *W. R. Pierce*, for the appellant.

*J. Brownlee*, for the appellee.