## MILLER, Ex'r, *v.* GOLDTHWAIT, Adm'r.

WRITTEN CONTRACT.—*Attempt to Change by Parol.*—Where an order was given upon A. to pay certain claims out of the proceeds of a certain note in his hands, and he accepted the same in writing, "so soon as the maker pays the note," and A. afterward obtained a judgment and foreclosure of a mortgage given to secure the note held by him, and bought in the mortgaged property, and was subsequently offered more than the sum due upon the note for the property;

*Held,* that he could not defend against the payment of the claims included in the order accepted by him, on the ground that the person who gave the order was, at the time when A. accepted the same, indebted to A. for more than the amount at which he had bid in the land, and that it was understood by the person for whose benefit he accepted the order that this indebtedness was to be first paid, and that it was not yet discharged.

APPEAL from the Grant Common Pleas.

PETTIT, J.—The substance of the complaint is, that one Geegan was indebted to Thornburg for money paid as the security of Geegan; and also on a note for forty-five dollars and

eighty cents to one Jackson; that Peirce was indebted to Geegan in the sum of one thousand dollars for a note assigned to him on one King, by Geegan; that to pay his indebtedness, Geegan gave the following order to Barley on Peirce:

"MARION, December 23d, 1867.

"Mr. Henry Peirce——You will please to, pay to John U. Barley the amount of a judgment rendered at the last term of Grant Circuit Court against one Shadrick Thornburg; also, the amount of a note Matthew Doyle holds against me and Shadrick Thornburg for one hundred and seventy-five dollars and fifty cents; also, to Curtis Jackson a claim of forty-five dollars and fifty cents, the same now pending in the common pleas court in attachment, out of the proceeds of the Smith King note, and oblige        P. GEEGAN."

This order was accepted, as follows:

"I accept the within order, and will pay the same so soon as Smith King pays the note made to Geegan and assigned to me.   December 23d, 1867.        HENRY PEIRCE."

The order was assigned by Barley to Thornburg, who, it is alleged, had paid the indebtedness named in the order as security of Geegan; that Peirce obtained a judgment against King on the note assigned to him by Geegan, for one thousand and fourteen dollars and sixteen cents, and a foreclosure of the mortgage given to secure the payment of the note; that Peirce bought in the land on foreclosure sale for four hundred and fifty dollars; that it was worth one thousand dollars; and that Peirce had been offered that amount for it since the sale, and that he refused to take it; that Peirce refused to pay any part of said order, and demands judgment for one thousand dollars.

There was a demurrer to the complaint for want of sufficient facts, which was overruled, and defendant excepted.

The appellee's attorneys in their brief say that they have assigned this ruling as a cross error.   But they are mistaken in this, there being no cross error assigned on the transcript; and the appellee cannot, therefore, avail himself of any defect in the complaint.   The defendant answered, first, by

Miller, Ex'r, *v.* Goldthwait, Adm'r.

general denial. We adopt the abstract of appellee (both parties having made abstracts) of the second paragraph of the answer, giving him the benefit of his own view of its contents.

"Second. That before acceptance of said order, said Geegan owed said Peirce six hundred dollars, to secure which he transferred to Peirce the Smith King note; that when said Peirce accepted said order it was fully understood by all parties that said Geegan owed said Peirce, as aforesaid, and that said Peirce accepted said order to pay the same only after said debt should be liquidated out of the Smith King note; that said King has never paid any part of said note except said four hundred and twenty-five dollars, for which said realty sold, as aforesaid; and that said King is insolvent, and his application in bankruptcy is now pending."

The appellant demurred to this paragraph for want of sufficient facts, which was overruled, and he excepted; and this ruling is assigned for error. This paragraph of the answer was a clear and manifest attempt to change and vary the terms of a written contract (the acceptance) by parol evidence, which is not allowable in such case as this, where neither fraud, accident, nor mistake is alleged. It would be a fraud on the assignee of such an order and acceptance to allow such an answer. We need not cite authorities, for they are all one way. This ruling must reverse the judgment.

There were replies to this paragraph of the answer; first, general; second, special; and a demurrer for want of sufficient facts was sustained to the special reply, and exception, and a withdrawal of the general denial of the reply, and judgment for the appellee allowed to go on the pleadings; but we need not notice the action of the court or parties on these points after the overruling of the demurrer to the second paragraph of the answer, as the pleadings will have to be reformed.

The judgment is reversed, at the costs of the appellee.

*John Brownlee, H. Brownlee, J. VanDevanter,* and *J. F. McDowell,* for appellant.

*James Brownlee* and *J. L. Custer,* for appellee.