RENNICK ET AL. *v.* CHANDLER ET AL.

SUPREME COURT.—*Appeal.—Judgment.—Partition.*—An appeal will not lie to the Supreme Court from an interlocutory decree of partition.

SAME.—*Pleading.—Misjoinder of Actions.—Practice.—Lien.*—A married woman having died seized of certain real estate, her widower brought an action to partition a portion thereof, and to enforce a lien against the residue, for improvements made thereon by him during the lifetime of the decedent and the existence of the marriage relation, pursuant to an alleged contract between them, that he should have a lien for the value thereof.

*Held,* the complaint being sufficient for partition, on a demurrer thereto for a misjoinder of actions, that, though the part in relation to the alleged lien might have been struck out on motion, yet the Supreme Court will not reverse a judgment for such misjoinder.

*Held,* also, that an appeal lies to the Supreme Court from a judgment decreeing such lien.

SAME.—*Statute of Limitations.—Set-Off.*—A reply of the statute of limitations to an answer of set-off, in such action, pleaded to that portion of the complaint asking a lien, is not sufficient.

SAME.—*Coverture*—A reply, in such action, of the coverture of the intes-

Rennick *et al.* v. Chandler *et al.*

tate during more than six years immediately preceding her death, pleaded to an answer that the plaintiff's claim had accrued more than six years prior to such decease, is insufficient.

SAME.—*Demurrer, Joint or Several.*—*Case Overruled.*—A single demurrer to a pleading containing several paragraphs, " and to each of said paragraphs," because they " do not, and neither of them states facts," etc., is a several demurrer, separately addressed to each paragraph. . *Barner* v. *Morehead*, 22 Ind. 354, overruled.

SAME.—*Presumption.*—Where, on appeal to the Supreme Court, the evidence is not in the record, it will be presumed, that the overruling of a demurrer to an insufficient pleading injured the party complaining thereof.

SAME.—*Special Finding.*—A special finding in such case by the court, not made at the request of a party, amounts only to a general finding, and can not supply the absence of the evidence from the record.

From the Hancock Circuit Court.

*C. Baker, T. A. Hendricks, O. B. Hord, A. W. Hendricks, H. D. Pierce, W. R. Hough, J. C. Hart* and *A. W. Hough*, for appellants.

*M. M. Ray, J. W. Gordon* and *W. March*, for appellees.

NIBLACK, J.—This was a proceeding by Samuel S. Chandler, Eliza J. Chandler, Josephus Chandler and Alice M. Chandler, against Lydia E. Rennick and Thomas Rennick, her husband, Jacob G. Wolf, Jesse Wolf and John W. Wolf, to have partition of certain real estate, and to enforce a lien on a portion of said real estate, in favor of the said Samuel S. Chandler, for erecting a dwelling-house, and making other improvements thereon, in pursuance of a contract entered into between him and one Charity Chandler, who was then his wife, and afterward the mother of the said Eliza J., Josephus and Alice M. Chandler, by him, and who was also the mother, by John Wolf, a former husband, of the said Lydia E. Rennick, Jacob G. Wolf, Jesse Wolf and John W. Wolf, and the owner of the real estate on which the dwelling-house was built and the other improvements made.

After issue joined, the cause was tried by the court, resulting in a judgment, in favor of the said Samuel S.

Chandler, for eight hundred dollars, for the erection of said dwelling-house, which was decreed to be a lien upon that portion of the real estate on which it was situate, and in an interlocutory decree for the partition of the remaining portion of said real estate between the parties, according to their respective interests therein.

The proceedings in reference to the partition are made a part of the record; but we will make no further allusion to those proceedings:

First.    Because an appeal will not lie to this court from an interlocutory decree of partition.    *Kern* v. *Maginniss,* 41 Ind. 398; *Davis* v. *Davis,* 36 Ind. 160.

Second.    Because the appellants admit that the interlocutory decree for partition is correct.

We will, therefore, only set out so much of the pleadings and proceedings below as shall be necessary to present the questions made by the assignment of errors in relation to the judgment in favor of the said Samuel S. Chandler, from which the appellants clearly had the right to appeal.

The complaint, after describing with great particularity the several tracts of land owned by the parties to the suit, and showing how each tract was acquired and the respective interests of said parties therein, proceeded as follows:

"That said Charity was the owner, as above, of the two first mentioned tracts at the time of her marriage with said Samuel, April 3d, 1855, and acquired title to the last mentioned on the — day of ——, 1860; that said tracts of land were adjoining each other, and together constituted one farm; that, in January, 1856, said Samuel and Charity (taking with them said appellants and another child, since deceased,) moved upon said farm, and lived together thereon as husband and wife until her death; that, after said occupation, the dwelling-house, out-houses and appurtenances were accidentally destroyed by fire; that fences had decayed, clearing, draining and

other improvements became necessary to make the farm of value to said Charity, and profitable; that said Charity was without means to rebuild or improve; that it was then agreed between said Charity and Samuel, that he should rebuild the destroyed buildings and appurtenances, make fences, drains and other improvements, out of his own means; that the value of the same should become a lien upon all of said property, and be enforced, after her death, in favor of him or his heirs; that, in pursuance of said agreement, said Samuel erected a dwelling-house upon said farm, with appurtenances, to the value of $3,500; two stables, value each $100; two wheat granaries, value each $25; shop, value $100; another frame building, value $200; log-house, value $100; cleared four acres of ground, value $50; erected one thousand rods of fence, $500; set out one hundred fruit trees, $100; twenty shade and ornamental trees, $30; other improvements, $100. All of said buildings and improvements were permanent, lasting and necessary; that, consequently, said farm is worth $6,000 more than otherwise it would have been."

Wherefore judgment and all other proper relief were demanded.

The defendants demurred to the complaint for the following grounds of objection:

1st. Defect of parties plaintiffs;

2d. Defect of parties defendants;

3d. Want of sufficient facts to constitute a cause of action; and,

4th. Because several causes of action had been improperly united.

The demurrer was overruled, to which an exception was reserved.

The defendants answered in five paragraphs.

The first paragraph related to the partition proceedings.

The second paragraph set up the use and occupation of the farm referred to in the complaint, and other al-

leged items of indebtedness, amounting to the aggregate sum of ten thousand dollars, by way of set-off to the separate claim of Samuel S. Chandler.

The third paragraph alleged, that the said separate claim of Samuel S. Chandler had been fully paid before the commencement of the suit.

The fourth paragraph averred, that the said separate claim of Samuel S. Chandler did not accrue within six years prior to the death of the said Charity Chandler.

The fifth paragraph amounted practically to a general denial of the complaint.

The plaintiffs replied to the answer of the defendants in twelve paragraphs. As no question was made as to the sufficiency of the first seven of those paragraphs, we need not further refer to them. The remaining paragraphs were briefly as follows:

The eighth paragraph, for further reply to the second paragraph of the answer, averred, that each enumerated cause of action accrued more than six years prior to the commencement of this suit.

The ninth paragraph, for further reply to the second paragraph of the answer, averred, that the said Charity was, in her lifetime, indebted to the said Samuel in the further sum of ten thousand dollars, which the plaintiffs offered to set off against the sum of money alleged to be due in said second paragraph of the answer.

The tenth paragraph averred, that the item of fourteen hundred dollars, set up by the defendants as a set-off, and received from the sale of the mill property and mill race, referred to in the answer, was, with the consent of the said Charity, invested in a tract of land in Madison county, Indiana, and conveyed to her and the said Samuel jointly; that said land was mortgaged by them to secure the sum of four hundred and sixty-six dollars and sixty-seven cents, a balance of purchase-money; that said land was sold on a decree of foreclosure upon said mortgage, and

nothing was realized therefrom, either by the said Charity or the said Samuel.

The eleventh paragraph, for further reply, averred, that there were mutual open and running accounts between the said Charity and the said Samuel within six years before this suit was commenced.

The twelfth paragraph, for further reply, averred, that the said Charity was a married woman for six years next before her death.

The defendants demurred to the five last named paragraphs of the reply, as follows:

" The defendants demur to eighth (8), ninth (9), tenth (10), eleventh (11) and twelfth (12) paragraphs of the reply, and to each of said paragraphs, for the reason that said paragraphs do not, and neither of them, states facts sufficient to constitute a reply to the answer, or to the paragraph or part of a paragraph of the answer to which it is replied."

This demurrer was also overruled, to which an exception was likewise reserved.

The appellants have assigned for error:

1. The overruling of their demurrer to the complaint;

2. The overruling of their demurrer to the said eighth, ninth, tenth, eleventh and twelfth paragraphs of the reply; and,

3. The overruling of their motion for a new trial.

The complaint, as a foundation of a proceeding in partition, seems to us to have been sufficient. It brought all the necessary parties into court, either as plaintiffs or defendants, and alleged all the facts necessary to authorize a partition of at least some of the lands in which the plaintiffs claimed an interest.

We think that all that portion of the complaint which related to the enforcement of a lien in favor of Samuel S. Chandler might have been struck out as irrelevant to, and improperly joined with, the partition proceedings;

but conceding, without deciding, that there was a clear misjoinder of causes of action, we can not, for that cause, reverse the judgment enforcing said lien. *Paris* v. *Strong*, 51 Ind. 339; 2 R. S. 1876, p. 59, sec. 52.

We can not, therefore, say, that the court below erred materially in overruling the demurrer to the complaint. *Fankboner* v. *Fankboner*, 20 Ind. 62.

The appellees contend, that the demurrer to certain paragraphs of the reply, above set out, was a joint demurrer, and that, as some of the paragraphs to which it was addressed were unquestionably good, the court correctly overruled that demurrer.

It is sometimes a question of very considerable difficulty to determine whether a demurrer in a particular case shall be treated as a joint demurrer, or as a separate and several demurrer, and there may appear to be a want of entire harmony between some of the decided cases involving that question; but we are of the opinion, that, on the authority of the cases of *Parker* v. *Thomas*, 19 Ind. 213, and of *Silvers* v. *The Junction R. R. Co.*, 43 Ind. 435, the demurrer in the case before us must be considered as a several demurrer, and as separately addressed to each paragraph referred to by it.

In our judgment, the eighth paragraph of the reply was not sufficient as a reply to the second paragraph of the answer. A party may plead a set-off to a cause of action notwithstanding such set-off is barred by the statute of limitations. 2 R. S. 1876, p. 126, sec. 214.

The twelfth paragraph of the reply, which was clearly intended as a reply to the fourth paragraph of the answer, was also, we think, not sufficient.

Our statute does not authorize a person not under disability to delay his action, because the party against whom his right of action exists may be under disability.

We are, therefore, led to the conclusion, that the court erred in overruling the demurrer to both of the last named paragraphs of the reply.

The record, as originally filed, contains what purports to be the evidence given on the trial, but an amended record has since come to us in response to a writ of *certiorari* issued in the cause, which shows that this alleged evidence was improperly copied into the original record, and that, hence, the evidence can not be considered as in the record.

As the evidence is not before us, we must presume that the appellants were injured by the overruling of their demurrer to the eighth and twelfth paragraphs of the reply.

On the trial the court made a special finding of the facts, and the appellees rely on that special finding to show that the cause was fairly tried on its merits, notwithstanding the rulings of the court on the eighth and twelfth paragraphs of the reply, as above set forth; but, as neither party requested such a special finding, it can only be treated as a general finding for the plaintiffs. *The Grover and Baker Sewing Machine Co.* v. *Barnes*, 49 Ind. 136.

In the case of *Barner* v. *Morehead*, 22 Ind. 354, cited and relied upon by the appellees, the demurrer was held to have been a joint one, as it would seem, mainly because the parties had so accepted and treated it; but we are inclined to the opinion that it ought to have been held otherwise, and probably would have been, if a different rule had been insisted upon by the proper party in that cause. So far, therefore, as that case is in conflict with the case in hearing, it must be regarded as overruled. *Stanford* v. *Davis*, 54 Ind. 45; *Washington Township* v. *Bonney*, 45 Ind. 77; *Meyer* v. *Bohlfing*, 44 Ind. 238; *Fankboner* v. *Fankboner, supra; Brown* v. *Gooden*, 16 Ind. 444.

The separate and final judgment in favor of the appellee Samuel S. Chandler is reversed, at his costs, and the cause remanded for further proceedings in accordance with this opinion.