Fessler, Administrator, v. Crouse.

---

No. 7868.

FESSLER, ADM'R, v. CROUSE.

DECEDENTS' ESTATES.—*Pleading.*—*Cross Complaint.*—*Practice.*—*Administrator De Son Tort.*—*Contract.*—*Promissory Note.*—*Judgment.*—In an action by A., as the administrator of B., against C., as administrator

Fessler, Administrator, *v.* Crouse.

*de son tort.* C. filed a cross complaint, alleging a contract with B., in his lifetime, whereby B. had transferred all his property to C., and that a part of such property consisted of notes against A., which had been wrongfully taken, and were wrongfully withheld by A.

*Held,* that, although such cross complaint named A. as an individual, and not as administrator, yet, it being apparent that he held such notes as administrator, such cross complaint was sufficient, if proven true, to entitle C. to a judgment and an order for the return of said notes.

*Held,* also, that, in such action, a personal judgment could not be properly rendered against A. on such notes.

SAME.—*Instruction.*—In such action it was erroneous to instruct the jury that, if they found something due the plaintiff on his complaint, and something due the defendant on his cross complaint, they should deduct one sum from the other, and give a verdict for the excess to the party entitled thereto.

From the Madison Circuit Court.

*C. D. Thompson,* for appellant.

*R. Lake,* for appellee.

WOODS, J.—The appellant, as administrator of the estate of William Crouse, sued the appellee, as administrator *de son tort* of said estate, charging that the appellee wrongfully intermeddled, and, taking possession, converted a large part of the estate, consisting of money, promissory notes and other personal property, to his own use, to the damage of said estate in the sum of ten thousand dollars.

This complaint the appellee denied, and filed a cross complaint, wherein it is averred, in substance, that the deceased, in his lifetime, made a contract with the appellee, whereby the appellee undertook to "nurse, board, wash and properly care for him as long as the said William Crouse should live, and, after his decease, defray the expense of his funeral, and pay all just debts;" and, in consideration therefor, the appellee "was to have and receive all the estate the said William Crouse, deceased, owned or possessed," and that the deceased, in his lifetime, accordingly transferred, assigned and delivered to the appellee "all his property, moneys, choses in action, and all that he was possessed of, or should die

seized of ;'' that the appellee fully performed said contract on his part ; that said decedent was the owner of, and held, sundry promissory notes, among which were four against the appellant, amounting to $675, and of which copies could not be given, because the same were in the possession of the appellant, all of which were due and unpaid ; that said notes were wrongfully obtained and wrongfully detained from the appellee, by said appellant.    Wherefore, etc.

The appellant denied this cross complaint, and the issues so joined were tried by a jury, on whose verdict the court gave judgment against said David Fessler, and in favor of the appellee, for the sum of six hundred and seventy-five dollars.

The appellant has assigned for error :

1st.  That the cross complaint does not state facts sufficient to constitute a cause of action ;

2d.  The overruling of the motion of the appellant for a new trial ;

3d.  The overruling of the appellant's motion in arrest of judgment.

Under the first and third assignments, the appellant contends that the matters alleged in the cross complaint are not so connected with the cause of action set forth in the complaint as to constitute a cause for cross complaint ; that the plaintiff sues for a tort against the estate of the deceased, in which the plaintiff had no interest except as a trustee, while the cross complaint seeks to recover from the plaintiff certain notes, which it is claimed he holds in his individual capacity, and not as administrator ; that there is no such mutuality as could make the cross complaint sufficient, and, therefore, it does not state facts sufficient.

It is true that the cross complaint names the appellant only as an individual, and not in his trust capacity, but still it is apparent that, if the appellant had possession of the notes referred to in the cross complaint, he had them in his

character as administrator, and we may fairly hold that the cross complaint charges him in that capacity ; and, if proven true on the trial, it entitled the appellee to a judgment and order for the return of said notes to his possession. The demurrer was, therefore, properly overruled.

It is claimed that the first instruction of the court to the jury was wrong because it did not direct the jury to add ten per cent. penalty as a part of the damages to be awarded to the plaintiff. The instruction was right so far as it went, and, if he desired it, the appellant should have moved for an instruction in reference to the penalty. Besides, it is evident that the omission did the appellant no harm. The verdict of the jury was entirely against him, and nothing was found in his favor to which the penalty could have been added.

The second instruction is said to be erroneous, in that it "states to the jury that the defendant has averred, in his cross complaint, that the plaintiff wrongfully obtained the notes," etc. It is sufficient to say that counsel has mistaken the fact. The pleading does contain the averment. This also disposes of the objection made to the third instruction.

It is objected to the fourth instruction that, thereby, the court attempted to create a set-off when none was pleaded, and that the instruction was wholly contrary to the evidence. The court erred in giving this instruction. It is to the effect that, if the jury found something due the plaintiff on his complaint, and something due the defendant on his cross complaint, they should deduct one sum from the other, and give their verdict for the excess to the party entitled thereto. This was evidently upon the theory, which we deem erroneous, that the appellee had a right, on his cross complaint, if true, to a money judgment against the appellant ; and, in fact, as already stated, the verdict and judgment were so rendered. The plaintiff sued as administrator, and the action was for the alleged unlawful intermeddling of the defendant with the

estate, and the conversion of the notes and other property thereof to his own use. Now, while we think it was competent for the defendant to show, by way of counter-claim, the facts set up in his cross complaint, and ask a judgment thereon for the return of said notes to his possession, it was not competent for him, in this action, to claim a personal judgment against the appellant, either for the amount or value of the notes referred to. The appellant held the notes as administrator, and in the suit as brought no claim against him, personally, could constitute a proper counter-claim, and no personal judgment thereon could be properly rendered against him.

Judgment reversed, with costs and with instructions to grant a new trial.