Foglesong v. Wickard, Administrator.

No. 7684.

## FOGLESONG v. WICKARD, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Promissory Note.—Contract.—Parol Agreement.— Executed Gift.—Practice.— Demurrer.—Legal Conclusion.—Right of Administrator to Sue.*—In an action by an administrator upon a note executed to his decedent, the defendant answered that the note was executed by him to his father, the decedent, for the purchase of his real estate, with the agreement that only the interest and such parts of the principal as should become necessary should be paid to the defendant's father and mother during their lives, and that after the death of both he should pay the note to his sisters, or their children; that his mother is living, and entitled to receive the interest on the note.

*Held*, that, as the note was absolute and unconditional in its terms, it could not be varied or contradicted by proof of contemporaneous verbal agreements.

*Held*, also, that the note did not constitute an executed gift in favor of the daughters, to whom it is alleged it was agreed to be paid.

*Held*, also, that so long as the note remained in the hands of the deceased, to whom it was payable, it was absolutely his property, and, so remaining until his death, went to his administrator to be collected as part of the assets of the estate.

*Held*, also, that the allegation, that the widow had a right to the possession of the note, is not an averment of fact which the demurrer admits, but is a statement of a legal conclusion.

*Held*, also, that the administrator alone was entitled to take possession of and enforce the contract according to its terms.

From the White Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman*, for appellant.

*R. Magee* and *S. T. McConnell*, for appellee.

WOODS, J.—The appellee, as administrator of the estate of Daniel Foglesong, Sr., sued the appellant upon a promissory note made by the appellant to the deceased. Error is assigned upon the action of the court in sustaining a demurrer, for want of facts, to the fourth, fifth and seventh paragraphs of answer. These paragraphs are, in all essential respects, the same as the sixth, to which the demurrer was overruled. None of them show a complete defence to the entire cause of action, though pleaded as such, and the partial payments alleged in them were provable under the second paragraph, which is a plea of payment.

Except as they show partial payment, the substance of the answers in question is, that the deceased, being old and designing to make a division of his property among his children, conveyed his real estate to the appellant and another son, and, allowing each of them a credit for his share in the estate, took their respective notes for the remainder of the estimated value of the land ; that, for the land so conveyed to him, the appellant gave the note in suit, but that it was the agreement that only the interest and such parts of the principal as should become necessary should be paid to the appellant's father and mother during their lives, and that, after the death of both his father and mother, he should pay the note to two of his sisters, who are named, or to their children ; that his mother is living, and entitled to receive the interest on said note.

The note sued on is absolute and unconditional in its terms, given for a definite sum, made payable to the deceased on a day named. The answer shows, what would

otherwise be presumed, that it was executed for a valuable and adequate consideration. The alleged defence is clearly obnoxious to the rule which forbids the proof of contemporaneous verbal agreements in contradiction of the terms of a written agreement. *Odam* v. *Beard*, 1 Blackf. 191; *Welshbillig* v. *Dienhart*, 65 Ind. 94.

The note did not constitute an executed gift in favor of the daughters to whom it is alleged it was agreed to be paid, and so long as it remained in the hands of the deceased, to whom in terms it was payable, it was absolutely his property, and, so remaining until his death, went to his administrator to be collected as a part of the assets of the estate.

The averment that the widow took and had a right to the possession, after the husband's death does not affect the question. The allegation, that she had a right to the possession, is not an averment of fact, which the demurrer admits, but simply the statement of a legal conclusion, which is not a correct conclusion. The administrator alone was entitled to take possession of and to enforce the contract according to its terms. *Fankboner* v. *Fankboner*, 20 Ind. 62; *Miller* v. *Goldthwait*, 37 Ind. 217; *Barnes* v. *Bartlett*, 47 Ind. 98.

The judgment is affirmed, with costs, and with two per centum damages.