Mennet, Adm'x, *et al. v.* Grisard.

---

No. 8962.

## MENNET, ADM'X, ET AL. *v.* GRISARD.

EVIDENCE.—*Promissory Note.*—*Principal and Surety.*—*Alteration of Endorsement.*—*Extension of Time.*—*Release.*—On trial of an action upon a promissory note, the plaintiff read in evidence the note and an endorsement: "Received October 15th, 1878, forty dollars on the within. F. L. G." The defendant, to sustain an answer of suretyship and release by an extension of time given to the principal, was entitled to give in evidence that part of a conversation between the plaintiff and a competent witness, in which the plaintiff read to him and he himself read the same endorsement, with the added words, "interest to February 23d, 1879."

SAME.—*Possession of Written Instrument.*—*Endorsements.*—*Presumption.*— One who owns and has possession of a written instrument is presumed to know its contents and to have made its endorsements, and to know their force and effect.

From the Switzerland Circuit Court.

*L. O. Schroeder, W. D. Ward* and *T. Livings,* for appellants.
*W. R. Johnson* and *F. M. Griffith,* for appellee.

ELLIOTT, C. J.—The issue upon which this case was tried is,

that joined upon appellant's answer alleging that her intestate was surety on the note in suit, and that he was released by the extension of the time of payment granted to the principal.

The appellant proved by a witness introduced by her, that he had a conversation with the appellee; that the latter read to him the endorsement on the note, and that the witness himself read the endorsement, and thereupon appellant offered to prove by the witness that he examined the endorsement and that it read: " Received October 15th, 1878, forty dollars on the within, interest to February 23d, 1879 ; " and that the endorsement had been altered so as to make it read: " Received October 15th, 1878, forty dollars on the within. F. L. G." The court refused to permit the introduction of this evidence.

The exclusion of this testimony was erroneous. The appellant had a right to show the contract between the principal in the note and the appellee, and the endorsement as originally written on the note would have tended to sustain her claim that there was such a contract, and would also have shown its character.

Appellee insists that it was not shown that the endorsement was made by him, nor by any one acting under his authority. The note was in his possession, it was introduced by him in evidence, and the presumption is that he made or directed the making of all endorsements found upon it. One who has possession of an instrument, of which he is the owner, is presumed to know its contents and to know the force and effect of all endorsements. Where the instrument is in the possession of the party, it is not necessary to prove that endorsements upon it were made by him, for the legal presumption supplies this evidence. *Brown* v. *Gooden,* 16 Ind. 444.

Judgment reversed.