No. 9921.

McCARTY, ADMINISTRATOR, v. WATERMAN.

CONTRACT.— *Will.— Decedents' Estates.*— A written contract, whereby A. agrees with B. that if the latter will maintain the former during life, "all the personal property of A. shall, at his death, become the property of B.," will not, on A.'s death, transfer the property to B. unless attested as is required of a will, though such contract be not revoked or repudiated by A. during life.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*D. Moss, R. R. Stephenson* and *W. S. Christian,* for appellee.

BLACK, C.—The appellant, administrator of the estate of Abraham Waterman, deceased, sued the appellee, alleging in his complaint that the decedent died intestate; that at the date of his death he was the owner and possessor of certain personal property, specifying the articles and stating their value, the aggregate value being $2,580, together with a large amount of other property, the amount and character of which were unknown to appellant; that the appellee, without authority of law, took and converted to his own use all said property of said decedent, and used, held and retained the same as his own, and had failed in any manner to account therefor, and by his wrongful intermeddling with said estate was chargeable as an executor of his own wrong, etc.

The appellee answered by a general denial. The issue was tried by a jury, and the verdict was for the appellee.

McCarty, Administrator, v. Waterman.

The appellant moved for a new trial; the motion was over-ruled, and judgment was rendered on the verdict.   The ruling upon the motion for a new trial is assigned as error.

One of the grounds of the motion for a new trial was the admission in evidence, over the objection of the appellant, of a certain written instrument, of which the following is a copy:

"Article of agreement made and entered into this 6th day of February, 1880, between Wilson Waterman and Abraham Waterman.   The said Wilson Waterman hereby agrees to keep Abraham Waterman as long as said Abraham Waterman may live; and said Wilson Waterman agrees to pay all expenses of sickness, such as doctor bills and other necessary expenses of said Abraham Waterman.   In case the said Wilson Waterman shall faithfully perform his part of this agreement, the said Abraham Waterman agrees that, at his death, all the personal property that may belong to him shall become the property of Wilson Waterman.   In case the said Wilson Waterman should fail on his part, this agreement is void.

" WILSON H. WATERMAN.     [SEAL.]

his

" ABRAHAM ⋈ WATERMAN.     [SEAL.]

mark

" Witness : H. KINNAMAN."

To determine whether there was error, it is necessary to decide upon the true character of the instrument.

It does not purport to transfer any present interest in or lien upon any property to Wilson, with or without the right of retention of the possession or use thereof by Abraham, but it is an agreement, upon an executory consideration, that at the death of Abraham " all the personal property that may belong to him shall become the property of Wilson."

It would not have been a violation of its provisions, on the part of Abraham, for him to have disposed by sale or gift, or in any manner, of any property owned by him at its date or acquired by him at any time afterward.   He might rightfully, and in strict accord with its terms, have deprived

Wilson of a right to any specific property by purposely divesting himself of all personal property, so that none should "belong to him." And if by will, properly executed, Abraham had otherwise disposed of the personal property owned by him at his death, this would only have been a violation of the agreement in question, as one will is revoked by another subsequently executed; for the instrument was an attempted disposition of property by Abraham to take effect after his death.

The true character of the instrument, so far as, if valid, it could operate to transfer property in particular chattels, being testamentary, it could not so operate for want of sufficient attestation, aside from any question as to the want of probate.

When an instrument in its true character is only a will, but it is not properly attested, the fact that it has not been revoked or repudiated in life can not give it effect after death. See *Watkins* v. *Dean*, 10 Yerg. 320; *Robinson* v. *Schly*, 6 Ga. 515; *Symmes* v. *Arnold*, 10 Ga. 506; *Turner* v. *Scott*, 51 Pa. St. 126; *Foglesong* v. *Wickard*, 75 Ind. 258; 1 Jarman Wills, 33, 34, *n.* 7; 1 Redf. Wills, 170, and cases cited.

*Fessler* v. *Crouse*, 73 Ind. 64 needs no explanation to distinguish it from this case.

In *Irwin* v. *State, ex rel.*, 54 Ind. 137, cited by appellee, James O. Irwin, being under obligation to provide for the maintenance of Charlotte Irwin, his mother, caused, for that purpose, one Spanneth to execute to her certain notes, pursuant to a prior and contemporaneous agreement between the mother and son to which Spanneth was not a party, and in which he was not interested, that said notes should be so executed, and that if they should not be sufficient for her support the son would provide additional means, and that if the notes should be more than sufficient to fulfil his said obligation to her, the son should have the residue of the notes. This was not an agreement for the transfer of property of the mother to the son, to take effect after her death. It was a transfer

by the son to the mother of such portion of the proceeds of the notes as might be needed for her support, with a reservation of the residue not so needed.

The other causes assigned in the motion for a new trial relate alone to the question whether the verdict was supported by sufficient legal evidence, and need not be discussed, as the case should go back for a new trial, because of the admission of said written instrument in evidence.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at the costs of the appellee, and the cause is remanded for a new trial.