## OLDENBURG v. BAIRD ET AL.

[No. 3,323. Filed Dec. 18, 1900. Rehearing denied March 12, 1901.]

CONTRACTS.—*Promise for Benefit of Another.*—A complaint alleging that defendant's mother placed him in charge of her store and business, and agreed with him that at her death the goods should become his absolutely, upon the condition that he pay a certain claim due plaintiffs, and that he accepted and took possession of the property, and agreed with his mother that he would pay the claim, and after the death of his mother retained possession of the goods and promised plaintiffs that he would pay their claim in consideration of his mother's transfer to him of the goods, states a cause of action.

Oldenburg *v.* Baird.

From the Floyd Circuit Court. *Affirmed.*

*E. B. Stotsenberg, J. H. Weathers* and *W. R. Ellis,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellees.

Comstock, J.—Appellees were plaintiffs below. The facts alleged in the complaint are as follows, viz.: Minnie Oldenburg on May 1, 1897, was engaged in the retail notion and millinery business in the city of New Albany; appellees were partners engaged in the wholesale notion and millinery business in the city of Louisville, Kentucky. From May 1, 1897 up to October 19, 1898, appellees sold to said Minnie Oldenburg goods to the amount and value of $1,074.95; that on October 19, 1898, there was due on said account $480, which at the time of filing the action was still due and unpaid. That on the — day of October, 1898, Minnie Oldenburg died intestate at Floyd county, Indiana, leaving as her only heir at law the appellant, Peter Oldenburg. Prior to her death, said Minnie Oldenburg for several weeks had been infirm, sick, and unable to give her entire attention and time to her business, and her said son Peter Oldenburg assisted her in the management of said business. Before her death she put the appellant in charge of her said store and business, including the goods bought of the appellees,—and agreed with said appellant that said store, goods, etc., should at her death become his property absolutely and immediately, upon the express condition, however, that he should pay the appellees their said debt of $480. Said indebtedness was the only indebtedness of said Minnie Oldenburg. Said Peter Oldenburg accepted and took possession of all of said property, and agreed with his mother, said Minnie, that he would pay appellees' debt. Since the death of said Minnie, said appellant has retained the possession of said store and stock, and continued said business as it had been theretofore carried on by said Minnie. After the death of Minnie, appellant promised and

agreed with the appellees that he would pay said indebtedness in consideration of said transfer. That he has thus far failed to do so, and the same is due and unpaid.

A trial by the court resulted in a general finding and judgment in favor of the appellees for $480.

The first and second specifications of error challenge the sufficiency of the complaint; the third, the action of the trial court in overruling appellant's motion for a new trial.

Are the facts alleged in the complaint sufficient to constitute a cause of action against appellant? Counsel for appellant contend that the agreement in question was but an attempt on the part of the mother of appellant to make a testamentary disposition of her property contrary to the requirements of §§2741, 2747, 2754, 2758, 2759 Burns 1894. Under these sections of the statute a will, except a noncupative one, in order to be effective, must be in writing signed by the testator or by some one for him in his presence with his consent, and it must be attested and subscribed in his presence by two or more competent witnesses. After the testator's death it must be probated in the circuit court of the proper county by proving it by one or more of the subscribing witnesses, or, in case of their death, absence from State, or incompetency, by proof of the handwriting of the testator or subscribing witnesses. A proper certificate of probate must be attached to the will, and a complete record of it and the testimony of the subscribing witnesses made. Thereafter every such will or certified copy of the record thereof shall be evidence of its contents. Within these provisions of the statute, the agreement can not be said to be a testamentary devise. Nor could appellant, under the statute, successfully claim title by virtue of its terms. But in the case before us, according to the allegations of the complaint, appellant's mother placed him in charge of her store and business, and agreed with him that at her death the goods should become his absolutely, upon the condition that he pay appellees' claim; that he accepted and took pos-

session of said property and agreed with his mother that he would pay appellees' claim of $480, and that he has retained possession of said property, and that after her death he promised appellees that he would pay their claim, in consideration of his mother's transfer to him of the goods. The agreement between appellant and his mother was made for the benefit of the appellees, and they are entitled to its enforcement. See *McCarty* v. *Waterman,* 84 Ind. 550, cited by appellant. The complaint avers that he was at the commencement of this suit retaining possession and exercising the rights of ownership of the goods by virtue of the agreement which he now insists is invalid. This the law will not permit him to do. No hardship is imposed in requiring him to perform his agreement. The complaint avers an agreement entered into by parties competent to contract for a consideration which they deemed sufficient. In the absence of fraud, under such circumstances, the courts will not inquire into the adequacy of the consideration. *Eisel* v. *Hayes,* 141 Ind. 41; *Mullen* v. *Hawkins,* 141 Ind. 363; *Schaffner* v. *Kober,* 2 Ind. App. 409; *Shover* v. *Myrick,* 4 Ind. App. 7; *Ditmar* v. *West,* 7 Ind. App. 637.

The complaint is sufficient to withstand a demurrer.

Two reasons are assigned in appellant's motion for a new trial: (1) That the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. The second reason for a new trial is based upon the proposition that, the complaint being insufficient, a judgment in favor of appellees is contrary to law. In reaching the conclusion that the complaint states a cause of action, we have disposed of the only argument made in its support. In discussing the first reason for a new trial, counsel for appellant recognize the rule that the judgment of a trial court will not be disturbed when there is evidence to support it, but claim that the material averments of the complaint are not sustained by any evidence. In answer to this claim, it is sufficient to say that the evidence shows that

the mother of appellant placed him in charge and in posses-
sion of the goods.   There is evidence that appellant said a
few days after the death of his mother that the store had
been transferred to him by his mother a short time before
her death, and that he had agreed with her to pay what-
ever was justly due on appellees' bill; that it was the only
bill that she owed; that he disputed the amount of the bill,
$480; that a short time before his mother's death she had
turned over the store to him, and that at the time of the
transfer he had agreed with her to pay whatever she justly
owed.   These statements were denied by appellant, but the
credibility of the witnesses was a question to be determined
by the trial court.   Courts in determining the weight of evi-
dence are permitted to draw reasonable inferences from the
facts proved.   We can not agree with counsel for appellant
that the finding of the trial court is not sustained by the
evidence.

Judgment affirmed.