DOUGHERTY *v.* THE STATE.

DOUGHERTY
v.
THE STATE.

A motion for a new trial was refused, but no exception was taken to the refusal, nor was the evidence inserted in the record. *Held,* that nothing was presented for review.

The R. S. 1852 require a judge's charge to the jury to be filed among the papers of the cause, only where a party has asked that it should be put in writing.

A party, by not excepting to instructions given, waives all objection to them.

A party, by not excepting to the refusal of a motion in arrest, waives the objection.

The writ of error being abolished in criminal cases by the R. S. 1852, only such errors can be noticed as are judicially presented by the statute.

APPEAL from the *Morgan* Circuit Court.

*Wednesday,
December 6.*

STUART, J.— Indictment for perjury. Trial by jury. Verdict and judgment for the state.

The appellant interposed a motion for a new trial, which was overruled. But no exception was taken to the action of the Court in overruling that motion. None of the evidence appears in the record. There is, therefore, nothing judicially before us on that motion. *Hornberger* v. *The State, ante,* p. 300.—2 R. S. 377, 380.

The clerk has inserted what is called the charge to the jury. But it does not appear that the Court was asked by either party to put it in writing. It is only upon such a contingency that the "charge is to be filed among the papers of the cause." 2 R. S. 376, s. 113. Nor does it appear that the defendant excepted to it. *Heaston* v. *Colgrove,* 3 Ind. 265. It is therefore no part of the record of which we can take notice; and his tacit acquiescence would of itself be a waiver of all objection. *Hornberger* v. *The State, supra.*

Part of the charge complained of is, "that all reasonable doubts must be removed before the presumption of *guilt* is overcome." The word guilt is obviously a lapse of the pen—the word *innocence* being intended. Had the charge been excepted to at the time, no doubt the Court would have promptly corrected the error.

The motion in arrest was also overruled, and the record says the ruling was excepted to. But there is no bill of

exceptions in the record. 2 R. S. 377. Neither of the grounds of objection mentioned in 2 R. S. 380, s. 144, as reached by the motion in arrest, exists in the present case. The other errors pointed out in argument, though they may exist in fact, can not avail the appellant, because he has not pursued the statutory mode of presenting them for consideration.

The writ of error in criminal cases being abolished (2 R. S. 381), we can notice only such errors as are judicially presented in conformity to the statute.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave,* for the appellant.

*D. C. Chipman,* for the state.