Williams, Adm'r, *et al. v.* The Pendleton and Fishersburg Turnpike Co.

———◆◆◆———

No. 8198.

WILLIAMS, ADM'R, ET AL. *v.* THE PENDLETON AND FISHERSBURG TURNPIKE CO.

PROMISSORY NOTE.—*Consideration.—Assessment.—Turnpike.*—Although a turnpike assessment which does not include all the land liable to be assessed is void, and a note given for it without knowledge of the illegality is without consideration, one having such knowledge may join with others to have the road completed and give a note for the amount of his assessment, against which such illegality will be no defence.

BILL OF EXCEPTIONS.—*Judge's Certificate.*—A bill of exceptions concluding, "This was all the evidence given in the cause," and duly signed by the presiding judge, will not be disregarded because the reporter who took and prepared the report of such evidence was not sworn.

Williams, Adm'r, *et al. v.* The Pendleton and Fishersburg Turnpike Co.

INSTRUCTION.—*Exception.—Evidence.—Verdict.—Supreme Court.*—Where appellants admit, that, under the evidence as certified, the verdict ought not to be disturbed if the instructions were correct, and no exception is shown to have been taken to any of them, no question is presented and the judgment must be affirmed.

From the Madison Circuit Court.

*H. D. Thompson*, for appellants.

*C. L. Henry* and *W. S. Diven*, for appellee.

BICKNELL, C. C.—This was a suit by the appellee against George Parsons and Hervey Craven, upon a note given by them to the appellee in payment of a turnpike assessment against Parsons. Pending the suit Parsons died and the appellant, as his administrator, was put in his place. There was an answer in six paragraphs, viz.:

1st. Want of consideration;

2d. A set-off of $300 for work and labor by Parsons for the appellee;

3d. That the note was obtained by the appellee by false and fraudulent representations;

4th. That the note was given for a turnpike assessment which did not include all the land within a mile and a half of the road;

5th. A set-off of $500 for work and labor by Parsons for the appellee;

6th. That the note was given in payment of part of a turnpike assessment, which did not include all the lands within one and a half miles of the road.

To each of these answers a reply was filed in denial. The issues were tried by a jury who found for the appellee $328.87. The appellants moved for a new trial and filed reasons therefor, to wit:

1st. The verdict is contrary to the evidence.

2d. The verdict is contrary to the law.

3d. The court erred in giving the jury the following instruction, to wit: "An assessment of benefits for a turn-

pike company, for the construction of a road, that fails to contain a description of all the taxable lands within one and one-half miles of the pike, is void, and a note given by a party for such assessment is invalid, if the maker of the note did not know of such illegality when he gave the note."

4th. The court erred in giving the jury the following instruction: "The defendants have pleaded a set-off, and on that issue the burden of proof is on the defendants, and whatever work and labor George H. Parsons in his lifetime performed for said company subsequent to the execution of the note in suit, you should find for the defendant, the administrator of said Parsons, and such amount so found due him should stand as a credit on any amount you may find due."

5th. The court erred in giving the following instruction, to wit: "The facts that the assessment was illegal, and that the note was given for such illegal assessment, if Parsons at the time of the execution of said note knew it to be illegal, constitute no defence under the issues in this case, but if Parsons had no knowledge that the assessment was illegal, it is a defence to the note."

The motion for a new trial was overruled, and judgment was rendered upon the verdict. The clerk's certificate of the record is as follows, after certifying that the foregoing is a full, true and complete transcript, etc.: "And also the original long-hand manuscript of the evidence, made by the short-hand reporter employed by agreement of parties to take the same." The record states that, after the jury was sworn, by agreement of parties, J. A. Kilbourn, a short-hand reporter, is employed to report the evidence in this case." It is nowhere stated in the record that the reporter was sworn, although such a reporter is not qualified, unless sworn. 1 R. S. 1876, p. 769, sec. 1.

The appellee insists that the clerk had no right to certify the long-hand manuscript of an unsworn reporter, and that

therefore the sufficiency of the evidence and the correctness of the instructions are not properly before this court; but the long-hand manuscript is incorporated in the bill of exceptions. It is followed therein by the statement, "This was all the evidence given in the cause," and by the signature of the judge who tried the cause. Under these circumstances we can not refuse to consider the evidence.

The appellants in their brief admit that the verdict, "under the evidence as it was heard, ought not to be disturbed," if the instructions were correct; but, upon this record, no question is presented as to the instructions, because no exception is shown to have been taken as to any of them. *Hawley* v. *The State, ex rel.*, 69 Ind. 98; *Dougherty* v. *The State*, 5 Ind. 453. The evidence fully sustained the verdict, and was in accordance with law.

A turnpike assessment which does not include all the land liable to be assessed is void. *The Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424. A note, given for such a void assessment, without knowledge of the illegality, is without consideration. *Maddy* v. *The Sulphur Springs, etc., Turnpike Co.*, 57 Ind. 148; *Parsons* v. *The Pendleton, etc., Turnpike Co.*, 59 Ind. 36. But where several persons, so illegally assessed, knowing the facts, agree that they will pay the assessments, notwithstanding the illegality, for the purpose of having the road continued and completed, and thereupon give their notes for the amounts of their assessments respectively, they can not afterwards avail themselves of such illegality as a defence to the notes. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.