Stout *et ux. v.* Stout.

No. 8062.

## STOUT ET UX. *v.* STOUT.

| 77 | 537 |
| 133 | 384 |
| 77 | 537 |
| 138 | 481 |
| 77 | 537 |
| 149 | 364 |

FRAUDULENT CONVEYANCE.—*Creditor's Right to Set Aside.—Waiver.—Subsequent Taking of Note for Debt.*—A creditor who, after a fraudulent conveyance of real estate by his debtor, takes a note for the debt, does not thereby waive his right of action to subject the land to his execution.

SAME.—*Partition.*—In such case he does not waive his action by joining in a deed of partition, whereby the portion fraudulently conveyed is set off to such grantee, especially where a contrary intention is expressly shown.

SAME.—*Trustee.*—Such conveyance is valid between the parties, and the grantee is a trustee for the creditor.

SAME.—*Confirmation.*—In order to operate as a confirmation, the act of the creditor must be intended to be a direct recognition and acknowledgment of the validity of the transfer, and not the result of a mere collateral arrangement.

SAME.—*Merger.*—The giving of a note for an antecedent debt does not merge the original obligation, unless it was so intended.

SAME.—*Pleading.—Practice.—Copy of Deed.—Parties.*—In a complaint to set aside a conveyance as fraudulent, it is not necessary to set out a copy of the deed. If the transfer was effected through *mesne* conveyances, the parties to the intermediate deeds are not necessary parties.

PRACTICE.—*Short-hand Report of Evidence.—Bill of Exceptions.*—A copy of a short-hand report of the evidence not signed and attested by the reporter, nor authenticated in any way by the judge, is not a part of the record.

SAME.—*Instructions.—Evidence.*—Exceptions to the giving and refusing of instructions are not available without the evidence, and when it does not appear what other instructions were given.

From the Marion Superior Court.

*M. A. Smith,* for appellants.

*C. P. Jacobs* and *C. S. Spritz,* for appellee.

WOODS, J.—The appellee obtained a decree against the appellants, declaring certain real estate, of which the legal title was in the appellant Margaret, subject to levy and sale for the satisfaction of an execution in favor of the appellee, against the appellant James I. Stout.

The appellants have assigned error upon the overruling of their respective demurrers to the complaint, the alleged

causes for demurrer being the insufficiency of the facts stated and a defect of parties defendants.

The complaint contains the averments requisite to constitute a cause of action, within the settled rule on the subject (*Bruker* v. *Kelsey*, 72 Ind. 51; *Noble* v. *Hines*, 72 Ind. 12), and is unquestionably good, unless made bad by certain special allegations, now to be noted.

The complaint shows that, on the 17th day of October, 1872, Peter Stout, of Marion county, died intestate, seized of a tract of land containing eighty-five acres, which descended to his widow and eight children, including the appellant James and the appellee Alfred; that, at that time, James was indebted to Alfred in the sum of $150, which debt has never been paid; that, on the 2d day of February, the appellants conveyed the individual interest of James in the land to Hunter McCaslin, who, on the next day, reconveyed the same interest to the appellant Margaret; that said conveyances were made without any consideration, and with the intention of putting the land beyond the reach of the creditors of said James; that, "on the 17th day of February, 1877, the widow and heirs of said Peter Stout executed deeds among and between themselves for the sake of making a partition of the half quarter section among the owners thereof without incurring the delay and costs of legal proceedings, and, at the request of said James, the deed from the widow and other heirs of Peter Stout was made to the defendant Margaret Stout, who paid no consideration therefor, the said James agreeing that such transfer to his wife should in no wise prejudice the collection of the plaintiff's debt, or his right to proceed against his interest in the land, the land thus conveyed in the partition to said Margaret being the share of James in said half quarter section; * * * * that just before the execution of this deed, which was made only for the purpose of making partition, the plaintiff had renewed the debt due from James to the plaintiff, and

taken from James a note for $150, dated February 9th, 1877 ; * * that the defendant procured the partition deed to be made to Margaret Stout with the intention of cheating and hindering the plaintiff in the collection of his debt, and of this the plaintiff was wholly ignorant.''

The objections made to the complaint turn upon the portions which have been quoted literally, and the other averments need not therefore be given or further summarized.

It is insisted that the complaint is not good for the reasons following :

1st. That the plaintiff's original demand was merged in the note, which he took after the execution of the alleged fraudulent conveyances, whereby it results that he has waived his right to assail the transfer of title as fraudulent ;

2d. That, by joining in the deed of partition, the plaintiff estopped himself from attacking the title of his grantee ;

3d. That copies of the alleged fraudulent deeds should have been filed with the complaint ;

4th. That the other parties to the deeds should have been made defendants in the case.

We do not concur in any of these propositions. It might not have been improper to make McCaslin and the other makers of the deed of partition parties to the suit, but it was not necessary to do so, and ordinarily it would seem to be needless and hardly justifiable to bring such parties into the case. The theory of the action is not to annul the deeds and revest the title in the original fraudulent grantor, but to convert the final fraudulent grantee into a trustee, holding for the benefit of the injured creditors. Except as to creditors, the conveyance is valid, and it will not be interfered with further than necessary to secure their rights. Under any ordinary circumstances, therefore, there can be no good reason for bringing in other parties besides the fraudulent grantor and the grantee in whom the title has

become vested. Bump Fraudulent Conveyances, 2d ed., pp. 536, 436, 238.

The alleged fraudulent deeds were not the foundation of the action, and were therefore not proper instruments to be copied into the complaint. The gist or *gravamen* of the action was, that the transfer of the title, not the instrument by which the transfer was effected, was fraudulent.

The only effect of the deed, which the plaintiff joined in executing, was to make a voluntary partition between the parties, giving to the appellant in severalty the interest which, before the deed was made, she owned in common with her co-tenants. No reason has been suggested, and we perceive none, why her severed and separate interest is not subject to be reached by her husband's creditors, the plaintiff included, to the same extent as was her undivided interest. If no better, her position is no worse than before the partition was made. She has not been misled by the plaintiff into changing her situation to her disadvantage in any respect. No ground is apparent on which the alleged estoppel can be predicated. The joining of the plaintiff in making the deed of partition could not be said to have operated as a confirmation of the original transfer of the title ; especially must this be so in view of the fact that the plaintiff expressly stipulated that it should not so operate, and of the further averment that the appellant James' purpose, in procuring the deed of partition, was to put the property beyond the appellee's reach, and that this purpose was unknown to the appellee. We do not mean that the stipulation mentioned had any binding force as an agreement ; it certainly had not, as against the appellant Margaret ; but the making of it repels any presumption that the appellee, by joining in the conveyance mentioned, intended to confirm the transfer made through McCaslin.

"A confirmation must be founded upon a valuable consideration, and if there is no such consideration, a creditor

Stout *et ux. v.* Stout.

is not precluded from impeaching a transfer. * * * In order to operate as a confirmation, the act of the creditors must be intended to be a direct recognition and acknowledgment of the validity of the transfer, and not the result of a mere collateral arrangement.'' Bump, *supra*, 462, and cases cited. *Hays* v. *Heidelberg*, 9 Pa. St. 203.

While, in the absence of proof or averment to the contrary, the legal presumption is that the debt originated with the note, and that the note was executed at the time it bears date, the holder may show that the note was given for an antecedent debt. Unless the note is made negotiable by the law merchant, and it does not appear that the note given in this case was such an one, it does not operate as a merger, on payment of the original indebtedness, in any sense, unless such was the express purpose of the parties. *The Bristol, etc., Co.* v. *Probasco*, 64 Ind. 406. And, in an action of this kind, the taking of a note in no manner affects the right of the creditor to assail a conveyance which was fraudulent as against his original demand for which the note was given. ''The rights of a creditor * * arise from the fact that a debt is due (owing). Any change, therefore, of the evidence of the existence of the debt does not exert any influence upon these rights. Evidence may be introduced to show that a judgment is founded upon a prior claim. A note may be shown to be given for a prior account, or in renewal of a prior note. A novation does not affect the rights under the debt.'' Bump, *supra*, 498, and cases cited.

Counsel have discussed numerous other questions, but they are not in the record. There is in the record what purports to be a short-hand report of the evidence, which is endorsed ''Bill of Exceptions;'' but the document is not signed or attested in any way by the reporter, and lacks entirely any authentication by the judge. There is a bill of exceptions showing an exception to the giving of an instruction, and also to the refusing of another instruction; but,

in the absence of the evidence, these rulings can not be considered. So far as concerns the instruction refused, it does not appear that it was not substantially embraced in a charge given, and was refused on that account. The record does not profess to contain all the instructions which were given.

The judgment is affirmed, with costs.