No. 8299.

## BROWNING ET AL. *v.* HIGHT.

| 78 | 257 |
| 153 | 691 |

INSTRUCTION.—*Disregard of Issue.*—Where an instruction of the court is confined to an affirmative defence, in disregard of the general denial pleaded, the error will be deemed harmless, there being no conflict in the evidence, or dispute in the case, except in reference to the affirmative issue.

SAME.—*Jury.*—*Presumption.*—It is not to be presumed, on appeal, that the jury misunderstood the meaning of an instruction.

PRACTICE.—*Exclusion of Question to Witness.*—It is not error to exclude a question, if no statement is made of what facts are expected to be elicited; and, if the bearing of the proposed testimony is remote and inferential, its relevancy should also be suggested.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, J. H. Louden* and *R. W. Miers,* for appellants.

*G. W. Friedley* and *H. Friedley,* for appellee.

WOODS, J.—The appellee sued the appellants for the reasonable value of work and labor done for them at their request, "in preparing and dressing seventy-seven thousand white oak staves."

The answer of the appellants consisted of a general denial, and a special plea that the plaintiff did the work under a special agreement to accept in full compensation therefor the

shavings and blocks cut from the staves, commonly known as " offals," and that the plaintiff received said offals.

The errors insisted upon consist in the giving of instructions, and the exclusion of certain testimony.

In its second instruction the court said : " The plaintiff has addressed his proof to the allegations of his complaint. The defendants set up a special contract whereby they say the plaintiff was to shave and prepare the staves for the offal."

The objection made to this charge is that the statement that the plaintiff had addressed his proof to his complaint was likely to be misunderstood and taken by the jury as meaning that the plaintiff had proved his complaint. We can not indulge the presumption of such a misunderstanding.

The further objection is made that the instruction limited the defence to but one question. There may have been technical error in this, because of the general denial, but if so the error was harmless. There is no conflict in the evidence about the fact of the plaintiff's employment by the defendants to do the work, and of the amount of work done. The real question for the jury was therefore what the instruction declared it to be. *Comstock* v. *Whitworth,* 75 Ind. 129. So far as concerned the set-off or counter-claim made by the appellants for the value of the offals used by the plaintiff, the matter was distinctly and clearly left to the jury in other instructions, of which no complaint is made.

The appellants asked certain witnesses to state the cost of the fuel necessary to run the mill of the appellee per day. Upon objection made, the court did not permit the witnesses to answer. It is now insisted that while the cost of such fuel was not itself in issue, the proof of it would have had an important bearing in determining the disputed question, whether the work was agreed to be done for the offal. Without deciding whether possible answers to the question might have tended to support the position of the appellants, and were admissible for that purpose, it is enough to say that no statement was made to the court explaining what answers

were expected, nor what bearing it was claimed the answers might have in the case. The subject of the inquiry being in itself plainly outside of the issues to be tried, and relevant, if at all, only by way of remote and inferential argument, counsel should have stated what they expected to prove, and should also have explained wherein the evidence would be relevant; and, having failed to do so, they will not be heard to complain of the ruling, on appeal.

The judgment is affirmed, with costs.