No. 9742.

DAVIS v. THE LIBERTY AND CAMDEN GRAVEL ROAD COMPANY.

BILL OF EXCEPTIONS.—*Report of Evidence.*—A short-hand report of evidence taken under the statute (sections 1405–1410, R. S. 1881), signed and at-

Davis *v.* The Liberty and Camden Gravel Road Company.

tested by the reporter and signed by the judge, purporting to contain all the evidence given in the cause, becomes a bill of exceptions.

CONTRACT.— *When Parol Evidence not Admissible to Vary.*—Where a written contract is sued on, which is free from obscurity or ambiguity, and there is no averment of fraud, accident or mistake, the plaintiff may not offer parol evidence to vary it or.explain its meaning.

HARMLESS ERROR.—*Evidence.*—There is no available error in rejecting proof of a fact admitted by the opposite party.

SAME.—*Instructions.—New Trial.— Verdict.*—Where the verdict is fully sustained by the evidence and right, the giving of erroneous instructions does not warrant a new trial.

From the Union Circuit Court.

*T. `D. Evans,* for appellant.

*L. H. Stanford,* for appellee.

BICKNELL, C. C.—The appellant brought this suit against the appellee to recover damages for an alleged breach of contract.

The first paragraph of the complaint stated a written contract, whereby the appellant leased to the appellee part of his farm for twenty years from June 3d, 1871, with the privilege of building a toll-house and digging a well, and the appellee in consideration thereof agreed to give appellant a free pass over the appellee's road, and further agreed that if the appellee should collect the tolls for the Liberty and Boston Turnpike Company, then the appellant should travel free of toll over the west end of said road, to wit, from said toll-house to Liberty.

The facts were that the Camden and Liberty road extended eastward from the toll-house towards Camden, and the Liberty and Boston road joined the Camden road at said toll-house, and the road from the toll-house to Liberty was part of the Liberty and Boston road, and was about three-quarters of a mile long. The complaint averred that the defendant, by its agents, had collected the tolls of said Boston and Liberty Company, ever since the date of the contract, and had not furnished the plaintiff with free travel over the Boston road from the toll-house to Liberty, whereby the plaintiff

Davis *v.* The Liberty and Camden Gravel Road Company.

had been compelled to pay the Boston Company for such travel, $58.59, to recover which this suit was brought.

The second paragraph of the complaint stated a verbal contract to the same effect.

The defendant answered by a general denial.

The issue was tried by a jury, who found for the defendant; a motion by plaintiff for a new trial was overruled, and judgment was rendered upon the verdict; the plaintiff appealed, assigning as error the overruling of the motion for a new trial.

The reasons assigned for a new trial were:

1. That the verdict was not sustained by the evidence.

2. That the verdict was contrary to law.

3. Errors in excluding testimony offered by the plaintiff.

4 and 5. Errors in giving and refusing instructions.

As to the first and second reasons, the appellee claims that the evidence is not properly in the record, but in this is mistaken. It was held in *Stout* v. *Stout*, 77 Ind. 537, that where a short-hand report of the evidence was not signed or attested by the reporter, and not authenticated by the judge, it could not be regarded as a bill of exceptions; but, in the present case, the long-hand report of the reporter, duly signed and attested by him, and signed by the judge, with a statement that it contains all the evidence given in the cause, is made the bill of exceptions. Where the judge signs a bill of exceptions and makes it part of the record as containing all the evidence given in the cause, it makes no difference who wrote the bill. *Williams* v. *Pendleton, etc., T. P. Co.,* 76 Ind. 87. As to the first and second reasons for a new trial, the verdict was fully sustained by the evidence and was not contrary to law. There was nothing uncertain in the contract. The plaintiff could not recover, without proving that part of his complaint which alleged that the defendant had collected the tolls of the Boston Company; this he utterly failed to do; it was proved conclusively, without any contradiction, that the persons who collected the said tolls were employed and paid for that work

by the Boston Company, and that the defendant had nothing to do with employing or paying anybody for such work. The tolls were collected at the toll-house by the same person, but each of the companies employed and paid that person for the collection of its own tolls.

Under the evidence, a verdict for the defendant was inevitable.

As to the third reason for a new trial, the first testimony excluded was as follows:

The plaintiff was asked by his counsel: "Do you know what amount, state what amount if you know, the amount for travel that has been collected of you by the Liberty and Boston Turnpike Company during the existence of this lease?" Upon the objection of the defendant, this question was excluded. In this there was no error. The plaintiff had to show what tolls he had paid the Boston Company for travelling on their road between the toll-house and Liberty, but the question put was not limited to that part of the road; it was immaterial what had been collected for travel over the entire road. The plaintiff was asked no question as to the part of the road in controversy except the following: "You do not then know how much you have travelled over the west end of the road, do you?" to which the plaintiff answered "No." Even if the question under consideration had been wrongfully excluded, the error would have been harmless, because the plaintiff swore that he had paid nothing for tolls to the Boston Company except what had been collected by suit, and the defendant admitted that the plaintiff's toll for travel over the road from the toll-gate to Liberty was $58.89, and that the Boston Company had recovered a judgment against the plaintiff for that amount.

The next testimony excluded was questions put to the plaintiff, as follows:

"Question. State to the jury how this contract came to be made, when it was made, and all that you may know about the contract of leasing?

" Question. State what occurred in regard to a pass over the west end of that road between you and the Liberty and Camden Company at the time of making this contract ? "

The counsel for the plaintiff stated, that he " expected to show by these questions that at the time of this contract, when it was made, it was understood and agreed that if the Liberty and Boston Company should collect their tolls on the lands mentioned in the lease, then they were to give the plaintiff a free pass, or cause the same to be done, over the road from the toll-house to Liberty."

It was necessary for the plaintiff's counsel to state what facts he expected to be elicited. *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185 ; *Browning* v. *Hight,* 78 Ind. 257. And, upon the statement here made, it is clear that the questions were properly overruled. The effort was to show that the contract meant something different from its language, and in effect to substitute a parol contract for the written one ; this can not be done when there is no ambiguity in the writing, and no fraud or accident or mistake is alleged. *Richmond, etc., Co.* v. *Farquar,* 8 Blackf. 89 ; *Miller* v. *Goldthwait,* 37 Ind. 217 ; *Robbins* v. *Magee,* 76 Ind. 381.

The following question put to the plaintiff was also excluded :

" Have you paid to the Liberty and Boston Turnpike Company, during the existence of this lease, for travel, over the west end of their road, from Boston to Liberty, any amount of money, by suit or otherwise, and, if any, how much ? "

If there was error in excluding it, it would have been harmless, because of the admission by the defendant of the amount so paid hereinbefore referred to.

The next question excluded was the following, put to the plaintiff :

" State if the Liberty and Boston Turnpike Company have ever paid you anything for the use of these premises as a toll-gate house."

This question was rightly excluded as irrelevant.

The next question was the following, put to Archibald Wilson, who had testified that his sister and he had been successively keepers of the toll-house, and had collected tolls for each of the two companies, on separate employments by each, each company paying for the collection of its own tolls.

"Question. Did they know, or were they aware that you were collecting their toll? was the Camden Company aware that she (Miss Wilson) was collecting the toll for the Boston Turnpike Company?" These questions were rightly excluded as irrelevant.

Martin Eikenburg, who had been the president of the Camden Company, and had testified that when Mary Wilson was employed by the Camden Company as toll-house keeper, nothing was said to her about the Boston Company, was asked the following question:

"Can you tell, then, why this part of the contract was put in about the Liberty and Boston Turnpike Company?"

This question being objected to, the plaintiff's counsel said he "proposed to show by the answer thereto, that it was the understanding of both of the parties to the contract, that if the tolls of the Liberty and Boston Turnpike Company should be collected at this gate, then the plaintiff was to have his tolls free." This question was rightly excluded; such a showing would vary the written contract in a matter upon which the contract was explicit, and without any ambiguity.

M. M. Johnson, the secretary of the Camden Company, who had testified that, when Miss Wilson was employed by the Camden Company as toll-house keeper, nothing was said about the Liberty and Boston Turnpike Company, and that there was no agreement between said companies that the Camden Company should collect toll for the Boston Company, was shown a writing signed by him and was asked, "Now state to the jury why this clause was put in here about the Liberty and Boston Company gathering their tolls at this toll-gate." It is not shown in the bill of exceptions what the writing was.

On objection, the plaintiff's counsel stated that he "expected to show that at the time of the contract with this toll-gate keeper, the defendant had knowledge of the fact that the Liberty and Boston Turnpike Company was going to collect its tolls at the gate described in the lease, and that the clause there about it in the lease was made and put in there so as to enable them to get possession of the premises for use by both companies, for which they were to give him a free pass over the west end of the road."

This question was also properly excluded. It was immaterial and irrelevant.

Silas Bert, one of the directors of the Camden Company, who had testified that his company had never employed anybody to collect tolls for the Boston Company, was asked the following question : " You say you had no knowledge of any agreement or understanding by which the Boston Company was to take its tolls there; can you state why this clause was inserted in the lease, in regard to a free pass over the Boston and Liberty Company's road, if the Boston Turnpike's toll should be collected by your company?" There was no error in excluding this question. The contract being fairly made, it is not material why any of its stipulations were inserted.

The fourth reason for a new trial is the refusal of the court to give to the jury instructions Nos. 6, 7 and 11, asked for by plaintiff, and the modification by the court of instruction No. 9, asked for by the plaintiff.

The 5th reason for a new trial is giving to the jury instructions Nos. 1, 12, 15 and 16. There was no error in the instructions given nor in those refused, nor in the instruction given with a modification; but, the verdict being fully sustained by the evidence and right, a new trial could not be granted on account of error in the instructions. *Harris* v. *Doe,* 4 Blackf. 369. There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon

the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.