Hill *v.* Hagaman.

No. 9246.

HILL *v.* HAGAMAN.

EASEMENT.—*Private Way.—Adverse Possession.—Prescription.—Title.—License. —Practice.*—A complaint for obstructing a private way alleged that one E. had a right of way from his own land through the middle of the defendant's adjoining tract, which he exchanged with the defendant for a ·like right along his west line, which E. thereupon used continuously for more than 20 years, when the plaintiff purchased the land of E. and said way, and had continuously used it for 15 years, when the defendant obstructed it.

*Held,* that the complaint sufficiently showed an adverse enjoyment for more than 20 years, and not a mere use by license, and was good on demurrer.

*Held,* also, that an answer, alleging that the use of the way was under the defendant's license, and not adverse, was properly stricken out, the general denial having been also pleaded.

SAME.— *User.*—Mere use of a private way over lands of another, with his knowledge and acquiescence, is not adverse, unless it be under a claim of right, and will not ripen into a title.

SAME.—*License.*—The continuous use of a private way under parol license for 20 years, under a *claim of right* so to use it, is not evidence from which a jury may infer that the person so using has title to the way. The license gives the *right* until revoked only; nor can such use mature into a title.

SAME.—The use of a way begun under a license will become adverse whenever the license is repudiated and a hostile claim is asserted, and will then, in 20 years, mature into a title if the use be with the knowledge and acquiescence of the owner of the servient estate.

SAME.—*Agreement.*—Where the owner of land, with or without consideration, permits another to use a private way over the land of the former, under an agreement for such use during the life of the latter, the use terminates with the life, and such use gives no right to the heirs of the latter or their grantee.

SAME.—*Improvements.— Repairs.— Evidence.*—In a suit for obstructing a private way over the defendant's land, evidence that the plaintiff had made expenditures in improving the way is admissible; but evidence that the plaintiff had acquired title to land abutting the way on one side is irrelevant.

BILL OF EXCEPTIONS.—*Evidence.—Short-Hand Reporter.*—Though a short-hand reporter be appointed and act in the trial of a cause, it is wholly immaterial by whom the evidence has been written out, if it be shown by a bill of exceptions purporting to contain all the evidence.

From the Wayne Circuit Court.

*H. U. Johnson* and *I. B. Morris*, for appellant.

*W. A. Bickle* and *J. Perry*, for appellee.

BICKNELL, C. C.—This was a suit by the appellee against the appellant to recover damages for the obstruction of a private way of the appellee over the appellant's land. There was a trial by jury, with a verdict for the appellee.

The appellant assigns errors as follows:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. Error in overruling the demurrer to the complaint.

3. Error in striking out the second paragraph of the answer.

4. Error in overruling the motion for a new trial.

5. Error in overruling the motion to modify the judgment.

The complaint alleges that the appellee owns land formerly owned by one Edwards, adjoining the appellant's land; that Edwards had a right of way through the center of appellant's land, and exchanged it with appellant for another right of way along the west line of appellant's land, from the land then owned by Edwards to the Wayne county turnpike, and that said last mentioned right of way has been in continual use for more than thirty-five years; that the appellee bought Edwards' land and right of way to the turnpike, and expended $1,000 in grading and gravelling the way, with full knowledge of the appellant, and has used the way continuously for fifteen years, said Edwards having used it continuously for more than twenty years next before said purchase; that the defendant has obstructed said way by moving out his fence to the middle of it. The complaint demands damages and an injunction, and all proper relief.

The objection to the complaint is that it does not show twenty years adverse enjoyment of the way by the appellee. The appellant says, in his brief, that "All of Edwards' travel was in pursuance of an agreement made between him and Hill, and by permission asked and granted as a personal favor to Edwards, and was not adverse nor under a claim of right, and

that appellee's travel was adverse, but, being for less than twenty years, no prescriptive right was gained thereby."

But the complaint avers that Edwards had one right of way which he exchanged for another; after the exchange the new way became his as fully as the old one was his. He was not using the new way under a license, he had paid for it by giving up the old way. When his representatives sold the land to the appellee, after such use of the new way for twenty years, they had a right to sell the right of way as appurtenant to the land, and the appellee, as the purchaser, became entitled thereto at once. The complaint shows that Edwards' use of the new way for more than twenty years was not under a license, or by mere permission, but was a use of it as his own property, obtained by the exchange; such twenty years' use alone would put the title in Edwards, and his title, as the complaint avers, was conveyed to the appellee.

The complaint, therefore, contained a sufficient cause of action, and there was no error in overruling the demurrer to it.

The second paragraph of the answer appears to have been struck out, on the ground that the matter of it could be given in evidence under the general denial already pleaded.

It was formerly held, that in the action of trespass a license must be specially pleaded. *Gronour* v. *Daniels*, 7 Blackf. 108; *Crabs* v. *Fetick*, 7 Blackf. 373.

Under our code any matter may be given in evidence under the general denial, which controverts anything which the plaintiff, in order to sustain his action, is bound to prove. *Baker* v. *Kistler*, 13 Ind. 63; *Hubler* v. *Pullen*, 9 Ind. 273. Therefore, in trespass *quare clausum fregit* a justification must be specially pleaded. *Johnson* v. *Cuddington*, 35 Ind. 43.

The second paragraph of the answer avers, that in 1842 said Edwards obtained permission to trim a drive-way through appellant's land, and afterwards sometimes used it, but never had or claimed the same as a right; that in 1847 appellant enclosed his land and cut off said way, and in 1848 appellant

agreed with Edwards to permit him to pass along the west line of appellant's land during his lifetime, provided that Benjamin ·Stratton, an adjoining land-owner on the west, would give half the way for such passage, and in that way only said Edwards had permission to pass over said land; that he used said way under said permission until 1864, and then his land was sold to the appellee, who continued to travel said way without any permission from appellant; that appellee's grading and gravelling upon said way cost only $150, and appellant knew nothing of such improvements until they were completed, and that they were worn out by use before the way was obstructed; that appellee, before suit brought, offered to buy said right of way from appellant, and has other ample means of egress and ingress; and that appellant, after notice to appellee, moved his fence to the west line of his land, which is the obstruction complained of.

The material matters averred in this answer directly controvert allegations which the plaintiff had to prove. The complaint avers that Edwards had a right of way; the answer is that he had no right of way, but only a temporary license.

The court, therefore, committed no error in striking out the second paragraph of the answer.

The reasons alleged for a new trial were:

1. Error of the court in giving, of its own motion, instructions numbered from one to seven.

2. Error in giving, at request of appellee, instructions 2, 3, 4, 6, 7 and 8.

3. Error in refusing to give, at request of appellant, instructions 1, 2, 3, 4, 5, 6 and 9.

4. Error in admitting in evidence, over the objection of the appellant, the testimony of Jarvis Harmel as to grading, gravelling and improving said right of way on the land of the appellant.

5. Error in admitting in evidence, over the objection of the appellant, the testimony of Jarvis Harmel as to grading, grav-

Hill *v.* Hagaman.

elling and improving said right of way on the land of the appellee.

6. Error in admitting in evidence, over the objection of the appellant, the evidence of Jarvis Harmel as to the cost of grading, gravelling and improving that part of the alleged way which is on appellee's land.

7. Error in excluding from the jury the record of the deed from Stratton and wife to appellee for a perpetual right of way over said Stratton's land, at his eastern line.

8. That the verdict of the jury is not sustained by sufficient evidence.

9. That the verdict of the jury is contrary to law.

Under the first reason alleged for a new trial the appellant, in his brief, discusses only the second and third instructions given by the court of its own motion.

The only objection to the second instruction is, that the court thereby told the jury that, in order to constitute adverse possession, there must be "an enjoyment under a claim of right, exclusive, continuous and uninterrupted, with the knowledge and acquiescence of the owner," etc. The appellant claims that the court, instead of saying "under a claim of right," ought to have said "under a claim of title." There was no error in this.

The third instruction given by the court of its own motion is as follows:

"When one uses a way over the land of another whenever he sees fit, with the knowledge of the owner, and without objection from him, it is adverse; and such use uninterruptedly for twenty years is a title that can not afterwards be disputed, and the burden of proving that the use and enjoyment of the right of way was under some license, indulgence or special contract, inconsistent with a claim of right by the other party, is upon the owner of the land."

This instruction was erroneous; it was inconsistent with the second instruction, which told the jury that adverse possession is enjoyment under a claim of right, etc.; mere pos-

session, not under a claim of right, is not adverse possession, and such naked possession for twenty years is not "a title that can not afterwards be disputed."

Under the second reason alleged for a new trial the appellant, in his brief, discusses only the second instruction asked for by the appellee and given by the court.   That part of this instruction of which appellant complains is as follows :  "If the jury believe, from all the evidence, that William Edwards * * * obtained from the defendant the right by parol license, or verbal consent, to use eight feet, or more or less, of land on defendant's west line, to be used in conjunction with other land for a way from said Edwards' farm north to a pike road, and that thereafter said Edwards continuously, uninterruptedly and openly used said way. for twenty years, with the knowledge and acquiescence of the defendant, under a claim of right to so use the same, this would be evidence from which you would be authorized to infer that said Edwards had acquired a permanent title and right to said way."

This instruction is erroneous; if the right were obtained by parol license from the owner of the land, it would be good against everybody else, and good against him until the license was revoked; a man who uses a way under a license has "a right to so use it."   The instruction is defective because it fails to state that the claim of right should be exclusive, or adverse to the appellant. *McCardle* v. *Barricklow*, 68 Ind. 356.

Under the third reason alleged for a new trial, the appellant discusses only the second, fifth and sixth instructions asked for by the appellant and refused by the court. ·

The second instruction asked for by appellant is as follows : "By 'adverse' is meant that the use was not a matter of permission, asked by one party and granted by the other, or under a verbal agreement between the owner of the servient estate and the party using the way.   The use must have been hostile in the beginning and must have continued so. · If, in the origin, the use and enjoyment of the way claimed was by or under a verbal agreement or permission asked by

Hill *v.* Hagaman.

one party and granted by the other, it would not mature into a title by prescription, because an adverse title can not grow out of a mere permissive enjoyment."

This instruction was correctly refused. It is not true that " the use must have been hostile in the beginning." Where the use of a way is begun under a license, and the party afterwards repudiates the license, and claims an exclusive right in himself, adverse to the owner of the land, and, under that claim of right, occupies the right of way, with the knowledge and acquiescence of the owner of the land, for twenty years, he will then have a good title, notwithstanding that he previously held under a license.

The fifth instruction, asked for by the appellant and refused by the court, is this : " If you find from the evidence that William Edwards owned the land, during his lifetime, now owned by plaintiff, and that he had 'not acquired a right of way across defendant's land by prescription, and the defendant, as a personal favor to the said Edwards as a neighbor, at his request, opened the way on the west line of his land, as described in the complaint, for his accommodation, and permitted him to use it during his lifetime, neither the said Edwards nor the plaintiff could gain any rights by such use, nor can you take into consideration such use or any part of the time while it was thus used by said Edwards, in computing the number of years that it has been used adversely under a claim of right." This instruction ought to have been given.

The sixth instruction asked for by the appellant and refused by the court is as follows :

" If you find from the evidence that William Edwards owned · the land now owned by plaintiff, during his lifetime, and that the defendant, with or without consideration, either in lieu of another way or as a personal favor, agreed with said Edwards that he would give half of a way on his west line to pass over during his life, if Benjamin Stratton would give the other half, and that said Edwards accepted the proposition, and appellant, in pursuance of said agreement, moved back his fence

and gave half of the way, and permitted said Edwards to pass over the same during his life, this right of way would terminate with the life of said Edwards, and neither his heirs nor the plaintiff could acquire any right to said way by reason of such use."

There was evidence to which this instruction was applicable, and it was error to refuse it. The fourth, fifth and sixth reasons for a new trial allege error in admitting the testimony of Jarvis Harmel as to the grading, gravelling and improving of said way by the appellee. We think this testimony was properly admitted.

The seventh reason for a new trial is that a deed from Stratton and wife to the appellee, for that part of the way which crossed the land of Stratton, was excluded by the court when offered in evidence by the appellant. It was immaterial and irrelevant, and was rightly excluded.

The remaining reasons for a new trial need not be considered, because the judgment must be set aside for the errors in the instructions; and it is not necessary to consider at length the questions raised by the appellee as to the sufficiency of the bill of exceptions. The bill purports to contain the entire evidence—all the evidence given in the cause. It is signed by the judge within the time allowed. When the judge thus signs such a bill, it is not material by whom the evidence was written out. We think the evidence is properly in the record.

The fifth assignment of error, not being argued in appellant's brief, is regarded as waived.

The judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee.

ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The appellee again insists that the evidence was not properly in the record. The record shows that "on motion Miss Mattie J. Evans is appointed official short-

hand reporter to take down the evidence in the cause, and she is duly sworn as such."

The bill of exceptions, containing the evidence, is entitled of the cause, and commences, " Bill of exceptions No. 2," ". Be it remembered," etc.; then follows a statement of the evidence, and at the end of it are these words: "This was all the evidence given in the cause;" then follows the certificate of the judge who tried the cause, stating that, within the time given by the court, " comes the defendant and presents this, his bill of exceptions in this cause, and prays the court that the same may be signed and sealed and made part of the record in this cause, which is done this said 29th day of December, 1880. (Signed) JOHN F. KIBBEY, Circuit Judge."

This court has decided that where the bill of exceptions contains the statement, " This was all the evidence given in the cause," and is signed by the judge who tried the cause, it is immaterial by whom the bill was written. *Williams* v. *Pendleton, etc., T. P. Co.*, 76 Ind. 87. Several other cases to the same effect have been decided at the present term.

The appellee also claims that the rulings of this court were wrong upon the instructions. These rulings were fully considered; the reasons therefor appear in the principal opinion; it would be unnecessary to repeat them.

The petition ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.