No. 10,702.

## BREHM *v.* THE STATE.

BILL OF EXCEPTIONS.—*Evidence.*—*Record.*—*Short-Hand Reporter.*—A bill of exceptions did not purport to contain the evidence, but recited that the court below had ordered that the evidence taken by the reporter be made part of the record, " and the clerk of this court is ordered in any transcript that may be made for the Supreme Court to incorporate the annexed report of such evidence ; " this was followed by what purported to be a report of the evidence certified by the reporter and verified by his oath. *Held,* that the evidence was not, under the statute, R. S. 1881, section 1405, before the Supreme Court.

From the Hamilton Circuit Court.

*F. M. Trissal* and *C. D. Potter,* for appellant.

*F. T. Hord,* Attorney General, *W. A. Kittinger* and *W. B. Hord,* for the State.

NIBLACK, C. J.—Brehm, the appellant, was indicted and afterwards, on the 23d day of November, 1882, tried and convicted for selling intoxicating liquor to one William H. Nelson in a less quantity than a quart.

The only question made here is upon the alleged insufficiency of the evidence to sustain the finding of the circuit court. Objection is made that the evidence is not properly in the record.

What purports to be the bill, and the only bill, of exceptions in the cause, was filed the day after the trial and is as follows:

" Be it remembered that upon the trial of the above entitled cause, after the evidence had been heard, the defendant moved the court for a new trial, which motion the court overruled, to which ruling the defendant at the time excepted, and prayed an appeal to the Supreme Court of the State of Indiana, which was granted, and the evidence not appearing of record in said cause, it is now ordered that the defendant's bill of exceptions be made part hereof, and that the evidence taken by the reporter be also made part hereof, and the clerk of this court is ordered in any transcript that may be made for the Supreme Court to incorporate the annexed report of the evidence in such transcript. Dated, signed and filed this 24th day of November, 1882." To this the name of the judge who tried the cause is attached.

Then follows in the transcript what is claimed to be a verbatim report of the testimony of the prosecuting witness, and of several other witnesses, introduced at the trial by the State. To that is attached the certificate of Ira A. Kilbourne, styling himself official law-reporter for the Hamilton Circuit Court, and verified with his oath, certifying that the matter contained in the report is a full, true and complete *transcript* of all the evidence given in the cause.

The transcript then closes with the certificate of the clerk of the Hamilton Circuit Court, declaring what precedes to be a full true and complete copy of the papers and entries in the

cause, " together with the long-hand manuscript of the evi-- dence taken by the reporter in said cause."

There is nothing in the transcript showing that Kilbourne was either appointed or sworn as a short-hand reporter in the cause, but as to that no question is now made.

There is no provision in any of the sections of the statute relating to the appointment and duties of a short-hand re- porter, which dispenses with bills of exceptions as a means of bringing the evidence before this court upon an ordinary appeal.

The only change to which our attention has been directed, in that respect, is that when a long-hand manuscript of the evidence shall be made by the reporter from his notes and filed with the clerk, and shall have been incorporated in a bill of exceptions, the clerk shall, if requested, certify the original manuscript to this court as a part of the bill of exceptions in- stead of a transcript of the evidence as in cases in which the evidence has been otherwise written out and embodied in a. bill of exceptions. · R. S. 1881, section 1405, et sequitur.

In the case before us, the document called the bill of excep- tions did not incorporate into it the manuscript report assum- ing to contain the evidence given at the trial. This document constituted what we construe to be an effort to make the man- uscript made by Kilbourne a part of the record without in- cluding it within, or making it in some recognized way a part of, a bill of exceptions. This effort was ineffectual, because not authorized by any statute or sanctioned by any rule of practice in the courts of this State. Irwin v. Smith, 72 Ind. 482; Williams v. Pendleton, etc., T. P. Co., 76 Ind. 87; Stout v. Stout, 77 Ind. 537; Davis v. Liberty, etc., Gravel Road Co., 84 Ind. 36; Hill v. Hagaman, 84 Ind. 287.

The evidence not having been properly brought into the record, we can not consider any question made upon its suf- ficiency to sustain the finding.

The judgment is affirmed, with costs.