Filed June 23, 1886.

No. 12,102.

MARSHALL, ADMINISTRATOR, *v.* THE STATE, EX REL. SHRYER.

CERTIFICATE.—*Official Signature.*—No certificate, whether in a judicial or other legal proceeding, is complete without the signature of the officer required by law to make the attestation.

BILL OF EXCEPTIONS.—*Long-hand Manuscript of Reporter.*—The original long-hand manuscript of the evidence, as prepared by the official stenographer and certified by him, does not of itself constitute a bill of exceptions. It can only be certified to the Supreme Court in its original form, by being incorporated in a bill of exceptions. R. S. 1881, section 1410.

From the Vigo Circuit Court.

*I. N. Pierce, T. W. Harper* and *B. V. Marshall,* for appellant.

*C. F. McNutt, J. G. McNutt, J. T. Hays* and *H. J. Hays,* for appellee.

NIBLACK, C. J.—This was in form an action by the State, on the relation of Rosa H. Shryer, against Buena V. Marshall, administrator of the estate of Sarah L. O'Boyle, deceased, late guardian of the relatrix, upon the bond executed by the decedent as such guardian, but was really a claim filed by the relatrix against the estate of the said Sarah L. O'Boyle for an alleged balance due to the former from such estate upon a proper and final settlement of the guardianship.

Answer in general denial, accompanied by an agreement

that all proper matters of defence might be given in evidence without being specially pleaded.

The circuit court, after hearing the evidence, found that there was due from the estate to the relatrix the sum of $1,-907, assessing, also, against the estate the additional sum of $190 as a penalty for the failure of the decedent in her life-time to account to the relatrix for the full amount in her hands as guardian as above stated, and, after overruling a motion for a new trial, rendered judgment upon the finding against the estate for the aggregate sum of $2,097, and costs of suit.    Error is assigned only upon the refusal of the circuit court to grant a new trial.

Counsel for the appellee make the point that the record is so defective that no question arises upon it for decision in this court, and particularly that the document copied into, or rather annexed to, the transcript, and purporting to be a bill of exceptions, has never been made, and hence, in legal contemplation, is not a part of the record relied upon in support of this appeal.

The memorandum in writing found in the transcript, and assuming to be a record entry of the trial, notes the swearing of Fannie W. Hamill as short-hand reporter to report the evidence in the cause.    On the 18th day of April, 1884, the day on which the motion for a new trial was overruled, and following the order overruling that motion, an entry in these words appears : "And afterwards, on said day, said defendant filed in the clerk's office the original long-hand report of the evidence, as copied and reported by Fannie W. Hamill, official reporter, duly sworn and qualified, which said long-hand report is hereto attached as defendant's bill of exceptions herein."    Then following the final judgment, and matters incident to it, the clerk of the court below, or some one else assuming to act for him, has written into the transcript these words :

" STATE OF INDIANA, VIGO COUNTY, ss. :

    " I, Morrill N. Smith, clerk of the Vigo Circuit Court, in

and for said county and State, do hereby certify that the above and foregoing is a full, true and complete transcript of the record of the above entitled cause, and that the annexed bill of exceptions is the original long-hand report of the evidence as furnished by said Fannie W. Hamill, reporter appointed by the court.

> " In witness whereof I have hereunto set my hand
> [L. S.]     and affixed the seal of said court at Terre Haute,
> this 16th day of August, A. D. 1884."

This assumed verification of the transcript has the seal of the Vigo Circuit Court attached, but is not signed by the clerk. Following, and annexed to the foregoing, is a voluminous document purporting to be a *verbatim* report of the evidence given at the trial, interspersed with memorandums, of decisions made, and of exceptions reserved upon certain questions arising during the progress of the trial. To that, is attached a certificate of the reporter that it is a full, true and complete transcript of the evidence as taken by her in the cause in short-hand and as written out by her as required by law; also, a statement in writing, signed by the judge, that it contains all the evidence given in the cause. These are immediately and only succeeded by a blank certificate, apparently prepared for the signature of the clerk of the Vigo Circuit Court, but not signed by him, that the document in question is the original long-hand report of the evidence adduced at the trial of the cause, taken and transcribed by Fannie W. Hamill, reporter appointed by the court, and that said report was filed in his office on the 18th day of April, A. D. 1884.

The record in this case is materially defective, and, in consequence, presents no question for our decision involving the merits of the appeal: *First.* Because it is not certified to us as contemplated by sections 649 and 650, R. S. 1881. *Secondly.* Because neither the evidence nor questions sought to be reserved upon it at the trial, are properly in the record,.

conceding both of the blank certificates to have been signed by the clerk, as it was doubtless intended they should have been.

No certificate, whether in a judicial or other legal proceeding, is complete without the signature of the officer required by law to make attestation by his certificate.

The original long-hand manuscript of the evidence, however elaborately certified, does not of itself constitute a bill of exceptions in a cause. It can only be certified to this court in its original form, by being incorporated in a bill of exceptions. R. S. 1881, section 1410. In this case the long-hand manuscript of the evidence was not incorporated into, or in any manner made a part of, a bill of exceptions. The intention, as well as the effort, seems rather to have been to make such manuscript take the place of and serve as a bill of exceptions. This did not make it a part of the record, or authorize the clerk below to certify it to this court as a bill of exceptions. *Goodwine* v. *Crane,* 41 Ind. 335; *Reid* v. *Houston,* 49 Ind. 181; *Galvin* v. *State, ex rel.,* 56 Ind. 51; *Scotten* v. *Divilbiss,* 60 Ind. 37; *Sidener* v. *Davis,* 69 Ind. 336; *Woollen* v. *Wishmier,* 70 Ind. 108; *Irwin* v. *Smith,* 72 Ind. 482; *City of Delphi* v. *Lowery,* 74 Ind. 520; *Lee* v. *State, ex rel.,* 88 Ind. 256; *Brehm* v. *State,* 90 Ind. 140; *Louisville, etc., R. W. Co.* v. *Harrigan,* 94 Ind. 245; *Wabash, etc., R. W. Co.* v. *Tretts,* 96 Ind. 450; *Dennis* v. *State,* 103 Ind. 142; *Lowery* v. *Carver,* 104 Ind. 447.

If, therefore, the clerk had signed both of the blank certificates, herein above referred to, neither the evidence nor any question reserved at the trial would be in the record. Nor would any question upon the regularity of the proceedings at the trial be presented, since all of the causes assigned for a new trial rest upon matters which could only be verified by a bill of exceptions.

The judgment is affirmed with costs.

Filed April 13, 1886; petition for a rehearing overruled June 23, 1886.