Wagoner *v.* Wilson *et al.*

Filed Nov. 16, 1886.

---

No. 12,395.

WAGONER *v.* WILSON ET AL. ,

CONTRACT.—*Loan of Money Without Stipulation for Credit.—When Becomes Due.*—Where money is loaned without any stipulation for credit, it becomes due presently.

PLEADING.—*Averment that Demand is Due.—Implication of Law.*—Where, from the facts pleaded, the law implies that money sued for is due, a specific averment that it is due is not necessary.

SAME.—An averment in a complaint to recover money loaned, that the· defendant has "refused to pay the plaintiff though often requested so to do," is sufficient to show by inference that the indebtedness is due and unpaid.

SAME.—*Money Had and Received.—Bill of Particulars.*—In an action for the recovery of money, where the complaint alleges that money was advanced to, and had and received by, the defendant from the plaintiff at or about a given time, no further bill of particulars is necessary, unless required by a motion to make the complaint more certain.

SAME.—*Account.*—Where an indebtedness sued for is not evidenced by a written instrument, and is so described in the complaint as to indicate with certainty the items and dates of the account, an additional bill of particulars is not necessary.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript of Official Reporter.*—In order that the original long-hand manuscript of the report of the evidence in a cause, made by an official reporter, may be certified to the Supreme Court, it must first be incorporated bodily in a bill of exceptions. Section 1410, R. S. 1881.

SAME.—*Written Instruments and Documentary Evidence.—Use of Words "Here Insert."*—It *seems* that the long-hand manuscript of the official reporter is not within the phrase "written instrument or documentary evidence" as used in section 626, R. S. 1881, which authorizes such instruments

and evidence to be brought into a bill of exceptions by the use of the words " here insert."

SAME.—*Preparation of Bill.*—For suggestions as to the preparation of a bill of exceptions containing the long-hand manuscript of the official reporter, see opinion.

From the Shelby Circuit Court.

*E. K. Adams* and *L. J. Hackney,* for appellant.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellees.

MITCHELL, J.—This was a suit by Wilson against Wagoner and Buell. The complaint is in three paragraphs.

The first paragraph is a common count to recover fifteen hundred dollars " for money had and received of the plaintiff, on the — day of December, 1879."

The second paragraph is the same in substance as the first, except that it avers that the money sought to be recovered was loaned and advanced to the defendants as partners, by the plaintiff, in the months of December, 1879, and January, 1880.

The third paragraph avers that the defendants were indebted to the plaintiff in the sum of three hundred dollars for hogs sold and delivered by the plaintiff to the defendants in the months of November and December, 1879, and January, 1880, and that the hogs were purchased by plaintiff of one Alexander Laddy at a price mentioned.

A separate demurrer to each paragraph of the complaint was overruled. The first assignment here is that the court erred in overruling the demurrer to the complaint.

In support of this assignment it is argued that each paragraph of the complaint is an action upon an account, and that with each there should have been set out a bill of particulars containing the items and dates of the account sued on. It is said further that the second paragraph is defective in not averring that the indebtedness sued for was due and unpaid. In respect to this last objection it may be said, the paragraph seeks a recovery of money advanced to and for the use of

the defendants in their business.   Money so advanced, un-
less credit is stipulated for, becomes due presently.   From
the facts stated in the complaint, the law implied that the
money sued for was due.

The paragraph contains the averment, following the state-
ment that plaintiff advanced and loaned fifteen hundred dol-
lars to and for the use of defendants, that the defendants
" have refused to pay the plaintiff though often requested so
to do."   This, though not a direct and explicit allegation that
the money advanced remained unpaid, made it reasonably
certain by inference that the sum advanced was due and un-
paid at the time the complaint was filed.   *Higert* v. *Trustees,
etc.,* 53 Ind. 326;   *Catterlin* v. *Armstrong,* 101 Ind. 258;
*Hartlep* v. *Cole,* 94 Ind. 513.

In respect to the objection that no bill of particulars ac-
companies the complaint, it is sufficient to say that the first
and second paragraphs are for the recovery of a specific sum
of money advanced and loaned to, and had and received by,
the defendants from the plaintiff, within a time designated in
the complaint.

In an action for the recovery of money, where the com-
plaint alleges that money was advanced to, and was had and
received by, the defendants from the plaintiff, at or about a
given time, no further bill of particulars is necessary, unless
required by a motion to make the complaint more certain.   In
such a case the action is not, strictly speaking, on an account.
*Sharp* v. *Radebaugh,* 70 Ind. 547;   *State, ex rel.,* v. *Sims,* 76
Ind. 328;   *McFadden* v. *Wilson,* 96 Ind. 253.

The third paragraph counts upon an indebtedness of three
hundred dollars for hogs sold by the plaintiff to the defend-
ants during certain stated months.   The transaction is further
identified by an unnecessary statement in the body of the
complaint, to the effect that the hogs sold were thirty head
purchased by plaintiff from Alexander Laddy, giving their
weight and the price per hundred.   Where an indebtedness
sued for is not evidenced by a written instrument, and is so

particularized or described in the body of the complaint as to indicate with certainty the items and dates of the account upon which a recovery is sought, an additional bill of particulars would serve no useful purpose. There was no error in overruling the demurrer to the complaint.

After the demurrer to the complaint was overruled, issues were formed by an answer in denial. Pleas of payment and of settlement and satisfaction of each and every item of the indebtedness sued for, before the bringing of the suit, were also filed. A trial was had by a jury, with the result that upon the verdict returned, a judgment was rendered against Wagoner for $260, and in favor of his co-defendant Buell. Wagoner appealed, and in addition to the assignment already disposed of, he complains by proper assignment, that the court erred in overruling his motion for a new trial.

Under this assignment, the rulings of the court in excluding certain evidence offered by the appellant, and in giving, at the appellant's request, certain instructions, are questioned.

Whether or not any question is presented for consideration by this assignment,—no attempt having been made to reserve such questions otherwise,—depends upon whether the bill of exceptions purporting to contain the evidence is in the record.

It does not appear from any certificate of the clerk, or from any recital in the record, that the long-hand manuscript of the short-hand report of the evidence was ever filed with the clerk, or in the court below, nor is the manuscript, as such, in any manner covered by the certificate of the clerk to the transcript before us. Looking at the transcript and the certificate of the clerk attached, it would be inferred that the evidence, both oral and written, was all embodied in one bill of exceptions, duly signed by the judge, and afterwards filed within the time allowed and literally copied into the record by the clerk. If nothing further appeared, there would arise no doubt but that the evidence was properly in

the record, within the ruling in *Longworth* v. *Higham*, 89 Ind. 352; *Williams* v. *Pendleton, etc., T. P. Co.*, 76 Ind. 87.

The appellees have, however, upon proper application therefor, obtained a writ of *certiorari*, requiring the clerk of the Shelby Circuit Court to certify to this court a true copy of any and all bills of exception filed by the appellant in the court below.

In answer to this writ, the clerk has certified a "true and complete copy of the only bill of exceptions filed by Robert Wagoner in said cause."

The bill of exceptions thus certified must control. Premising that the record shows that a short-hand reporter for the Shelby Circuit Court had been duly appointed, and that the bill of exceptions, last certified, embraces the instructions of the court, the motion for a new trial, and the ruling thereon, and recites that sixty days' time had been given within which to file bills of exception, all that is contained in the bill, relating to the evidence given in the cause, is the following:

"Comes now the defendant, Robert Wagoner, and tenders to the court this, his bill of exceptions in the above entitled cause, as follows, to wit (clerk here insert the short-hand report of the evidence) * * * and the said Wagoner now within the time aforesaid tenders this, his bill of exceptions in this cause, and prays that the same may be signed, sealed and made a part of the records herein, which is accordingly done. Witness my hand and official seal this 6th day of June, 1884.

(Signed)        "K. M. HORD, Judge."

Section 1410, R. S. 1881, provides, in substance, that the long-hand manuscript of the verbatim report of the evidence in a cause, made by an official reporter, may be filed with the clerk by the party requiring the same. Upon appeal, the clerk, if requested to do so by such party, must certify the manuscript so filed, "when the same shall have been incor-

·porated in a bill of exceptions, to the Supreme Court or other court of appeal, instead of a transcript thereof."

Under this section a party, desiring to avail himself of the long-hand manuscript of the oral evidence taken in a cause, must incorporate such manuscript bodily into a bill of exceptions, and tender the bill to the judge within the time allowed for that purpose, when it becomes the duty of the judge, after examination, to sign, and cause it to be filed, as provided in section 629, R. S. 1881. *Woollen* v. *Wishmier*, 70 Ind. 108 ; *Lowery* v. *Carver*, 104 Ind. 447 ; *Marshall* v. *State, ex·rel.*, 107 Ind. 173.

· When it is thus incorporated into a bill of exceptions, signed and filed, it becomes the duty of the clerk, on request of the party entitled, to certify it to the appellate court, with the transcript of the record, without inserting anything, or otherwise changing it in respect to the matter contained in the bill.

All that is necessary in order to prepare a bill of exceptions which shall incorporate the original long-hand manuscript, is to prepare the usual formula for the beginning of an ordinary bill of exceptions, with a recital that the following oral evidence was delivered, and the rulings of the court in respect to the admission and rejection of evidence, and the objections and exceptions thereto, were made and taken, as noted, and that a verbatim report of such evidence, and the rulings, objections and exceptions thereon and thereto, was made by an official reporter, naming him, of which evidence, rulings, objections and exceptions so made and taken, the following is the original long-hand manuscript as the same was made and filed.

Something similar to the foregoing, attached as a preface to the long-hand manuscript, with the usual formal ending of an ordinary bill of exceptions, not omitting at the appropriate place the usual statement that " this was all the evidence given in said cause," incorporates the manuscript into a bill ready for presentation to the judge for examination and

signature.' When so incorporated, signed and filed, the clerk may be required to certify the original long-hand manuscript of the official reporter to this court without copying it into the transcript. Section 626, R. S. 1881, is applicable to bills of exceptions which embrace written instruments, or documentary or other evidence, or matter which is to be copied into the transcript by the clerk in making up a record for this court.

This section provides that in making up a bill of exceptions, it shall not be necessary to copy a "written instrument or any documentary evidence" into the bill, but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words "here insert."

A somewhat liberal construction has apparently been given to the phrase "written instrument or any documentary evidence," as used in this section, but we should hesitate to affirm that these words would embrace the official reporter's original long-hand manuscript of the oral evidence taken in a cause. However this may be, the provision referred to in section 626, which authorizes written instruments or documentary evidence to be thus incorporated in a bill, relates to such instruments and evidence as are thereafter to be transcribed by the clerk in making the transcript, and not to the reporter's long-hand manuscript when that is to be certified up under section 1410.

The paper or documentary evidence which may be inserted by the clerk, at the place designated, when the bill is copied into the transcript by him, must be so identified and described in the bill, as that the clerk may know to a certainty the particular instrument or document which he is to transcribe and insert at the point indicated. *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31 (36), and cases cited. This, of course, has no application to a case where the original manuscript itself is to be incorporated into a bill and certified to this court. In such a case there is nothing for the clerk to transcribe or insert.

Even if it were admissible to bring the original long-hand manuscript of the evidence into a bill of exceptions in any case, for any purpose, by a "here insert," without attaching the manuscript to, or otherwise incorporating it bodily into the bill, it is not properly brought into the bill in this case. There is nothing in the bill of exceptions, or anywhere in the record, to show that the reporter had made or filed a long-hand manuscript when the bill was filed, nor does it contain anything to identify or designate "the short-hand report of the evidence" which the clerk is directed to insert.

Any view we may take of the question leads to the conclusion that the evidence in this case is not in the record. This conclusion reached, the result necessarily follows that it does not affirmatively appear, in the case under consideration, that there was any substantial error which did the appellant material harm.

Every reasonable presumption in favor of the propriety of the rulings and instructions made and given by the court below will be indulged, until the appellant, upon whom rests the burthen, makes it appear that such rulings and instructions were erroneous and harmful to him.

The judgment is affirmed, with costs.

Filed Nov. 5, 1886.